**John H. KELSEY et al., Appellants,**

**v.**

**Perry H. CORBETT et al., Appellees.**

**No. 5716.**

Court of Civil Appeals of Texas.

El Paso.

Oct. 13, 1965.

Rehearing Denied Nov. 17, 1965.

Stubbeman, McRae, Sealy & Laughlin & F. H. Pannill, Midland, for appellants.

Deaderick, McMahon & McKim and Connell Ashley, Odessa, Kerr, FitzGerald & Kerr, Midland, for appellees.

Gibson, Spence & Gibson, Austin, amicus curiae.

PRESLAR, Justice.

John H. Kelsey and others, tax-payers and taxable property owners within the District of Pecos County Water Control and Improvement District No. 2, appellants herein, brought this suit as plaintiffs, seeking a judgment declaring that neither the plaintiffs nor their property interests were subject to the ad valorem taxes levied and assessed for the purpose of payment of interest and principal, past and future, on bonds issued by such Improvement District. Named as defendants were Pecos County Water Control and Improvement District No. 2, Perry H. Corbett and J. Folse Roy, the original purchasers and present hloders of the bonds, and Dan L. Crump, Tax Assessor and Collector for Pecos County, and others.

Pecos County Water Control and Improvement District No. 2 was formed by an election held in 1955, and it is conceded by all parties hereto that all proceedings relating to the formation of such District and the approval of its bonds are, on their face, letter-perfect. The plaintiff-appellants quite frankly concede in their brief in this court that their position is:

"(a) There were no resident property taxpaying qualified voters who had rendered their property for taxes so as to be qualified to vote—in fact, there were no inhabitants at all in the area constituting the purported district;

"(b) The persons who did vote at the election to create a district and at the election to authorize the issuance of the bonds were imported from outside the district for the sole purpose of casting ballots at this fictitious election, and were neither residents of nor owners of property within the purported district, and

"(c) The defendants who are the original purchasers and present claimants of the bonds knew at all material times, and particularly at and prior to their purchase of the bonds that there were no resident property tax-paying qualified voters who had rendered their properties for taxes who did or could have voted at the elections and therefore knew, or were on notice, that the elections were fictitious."

Plaintiffs went to trial on their Third Amended Original Petition, all of which, except paragraph 2 thereof, they specifically dismissed with prejudice; and paragraph 2 simply adopted their Second Amended Original Petition; so that, in effect, they went to trial on their Second Amended Original Petition. An analysis of that petition shows that they allege only that there was (1) no such legal entity as Pecos County Water Control and Improvement District No. 2; and (2) that they, the plaintiffs, were not obligated to pay the bonds and their property not subject to them.

At the conclusion of all the evidence the trial court withdrew the case from the jury and rendered judgment contrary to the plaintiffs' position and upholding the validity of the District. In that action we think the trial court was correct for two reasons: first, that the plaintiffs' suit was, in essence, an election contest which they could not maintain in such a proceeding; and second, the plaintiffs could not question the existence of the District, as quo warranto was the sole exclusive remedy.

■ Plaintiffs sought to show that at the time the District was formed in 1955 there were no residents within the physical boundaries of the District, and that those who voted for the formation of the District and for the issuance of the bonds thereof were not property-owning residents of the District. As stated, an election was held, and such election proceedings were in all things valid on their face, and were approved by the Commissioners Court of Pecos County. In effect, plaintiffs are attacking the qualifications of those who voted in the election. This they seek to do by suit filed some six years after such election, and not in conformity with the

Election Code. In all their contentions plaintiffs come back to this one proposition —that there were no residents of the District and those who voted in it were not qualified, so that it can be said that that is the true basis of their lawsuit. Almost the same proposition was before the Commission of Appeals in Slater v. Ellis County Levee Improvement District No. 9, 120 Tex. 272, 36 S.W.2d 1014, where the following question was certified to the court:

"First Question.

"Did the trial court err in sustaining appellees' special exception to that portion of appellants' answer which set up the fact that no legal bond election was held in said district because the true facts, of which the commissioners court had actual knowledge, were that none of the parties who voted therein were property holders or qualified voters within said district, and because the judges and clerks who held said election were not qualified voters within said district?"

In answering the question the court said: "The remedy given by the statutes (articles 3041 to 3075) for contesting elections of this character for irregularities or fraud is exclusive of all others." (Citing numerous authorities). Such articles 3041 to 3075 were, in 1951, replaced by Articles 9.01 to 9.38 of the Election Code of the State of Texas, V.A.T.S. Article 9.36 of such Election Code provides:

" * * * If no contest of said election is filed and prosecuted in the manner and within the time herein provided for, it shall be conclusively presumed that said election as held and the result thereof as declared are in all respects valid and binding upon all courts * * *."

The record in the case before us indicates that no election contest was filed in regard to this District. The matters sought to be litigated in this suit could be heard only in an election contest brought in the time and manner provided by the statutes.

■ The proceedings for the formation of this District being in all things regular on their face, and it having operated as a corporation under such proceedings, only the State can now question its existence. Walling v. North Central Texas Municipal Water Authority, 162 Tex. 527, 348 S.W.2d 532, is the latest pronouncement by our Supreme Court restating this rule of law:

" * * * When a body has acted and has been dealt with as a corporation after attempting to comply with the requirements of a valid statute authorizing its creation as such, only the State may question its corporate existence on the ground that the law was not followed. La Salle County Water Improvement Dist. No. 1 v. Guinn, Tex. Civ.App., 40 S.W.2d 892, wr.ref.; Kuhn v. City of Yoakum, Tex.Com.App., 6 S.W.2d 91; Bowen v. Board of School Trustees, Tex.Civ.App., 16 S.W.2d 424 (no wr.)."

Clearly, plaintiffs sought to question the existence of Pecos County Water Control and Improvement District No. 2 and cannot, under the above authorities, do so; and the judgment of the trial court was in that respect correct.

■ In its judgment the trial court allowed the County Attorney of Pecos County attorney's fees for representing the Tax Assessor-Collector of said County, and taxed such fees as costs of court against appellants. We see no basis for such allowance of attorney's fees, since the Tax Assessor-Collector was not in the true position of a stakeholder but was, in fact, a party defendant. Unless it can be said that the attorney's fees are due by some statute, there can be no basis for them, and we see no such statutory basis here. The contention seems to be that such fees were by stipulation or agreement, but we do not construe the stipulation to be that one party would pay the attorney's fees of his

adversary. The propriety of such an arrangement would raise a serious question. We construe the stipulation to be that if, in fact, attorney's fees were allowable, the court could then decide the amount. That part of the judgment allowing such attorney's fees and taxing same as cost is reversed and here rendered.

All other assignments of error have been considered, are found to be without merit, and are accordingly overruled.

Except for the allowance of attorney's fees, the judgment of the trial court is in all things affirmed.