**Ruth SALVATO, Individually, etc.,
Appellant,**

v.

**The VOLUNTEER STATE LIFE INSUR-
ANCE COMPANY et al., Appellees.**

No. 15130.

Court of Civil Appeals of Texas.

Houston.

Jan. 25, 1968.

Fuhrhop & Green, John R. Green, Dickinson, for appellant.

Dibrell, Dibrell & Greer, G. William Rider, Galveston, for appellee, Volunteer State Life Ins. Co.

COLEMAN, Justice.

This is a suit for declaratory judgment to determine whether a wife, appointed community survivor of the estate of her incapacitated husband under Article 157 of the Probate Code of the State of Texas, V.A.T.S., has the power to require an insurance company to change the beneficiary of an insurance policy on the life of her husband so as to make herself beneficiary of the policy rather than the estate of the husband. The trial court entered its judgment to the effect that the community survivor has no power to change the beneficiary, and no power to make herself beneficiary.

The material facts in the case were submitted to the trial court as stipulations. In May, 1961, Joseph Ben Salvato, Jr., purchased from the Insurance Company, appellee, a policy of life insurance with community funds of his marriage to Ruth Sal-

vato. All premiums have been paid with community funds. Mr. Salvato is now, and has been for several years, incompetent. He is unconscious and will remain in this condition for the remainder of his life. The insurance policy in the sum of $110,000.00 is incontestable under the laws of the State of Texas. The beneficiary of the policy is designated therein as the "executors, administrators, or assigns of the insured." Aside from certain provisions immaterial to the issues in this case, the policy provides that the beneficiary will be changed by the company on receipt of a written notice signed by the insured. On the 20th day of March, 1962, the Juvenile and County Court at Law No. 2 of Galveston County, Texas, a court having probate jurisdiction, in Cause No. 27,266, styled "In re: Temporary Guardianship for Joe Salvato, Jr., Incompetent," entered an order reading, in part, as follows:

"Ordered that the Applicant, Ruth Salvato, is empowered and given full power to manage, control and dispose of the entire community estate of Ruth Salvato and Joe Salvato, Jr., including the part which the incompetent, Joe Salvato, Jr., would legally have power to manage in the absence of such incompetency, and no administration, community or otherwise is necessary."

By instrument dated February 10, 1965, apparently on a form furnished by the Company, the Insurance Company was "authorized and requested" to "amend" the contract of insurance in question by changing the beneficiary to "Mrs. Ruth Salvato, wife of insured, and if Mrs. Ruth Salvato does not survive the insured then the beneficiary shall be the executors, administrators or legal representatives of the estate of Mrs. Ruth Salvato." The children of Joe Salvato, Jr., by a prior marriage opposed the application for a change of the beneficiary of the policy. The Insurance Company did not change the beneficiary in accordance with the request of Mrs. Salvato, but filed this action for declaratory judgment instead.

The community estate includes certain real property and a business, the J. B. Sal Company. There is testimony that all of the profits from the business, about $25,000.00 a year, are used to pay the hospital bill for the care of Mr. Salvato. The revenue from the real property is sufficient to pay the taxes and maintenance on the buildings. The value of the community estate, aside from the business, is probably in excess of $250,000.00. Joseph Ben Salvato, Jr., owns certain separate property. The premium on the policy is $500.00 per month. The hospital bills have been paid with community funds.

Section 157, V.A.T.S., Vol. 17A (Probate Code), as amended Acts 1957, 55th Leg., p. 53, ch. 31, § 5, provides:

"Whenever a husband or wife is judicially declared to be incompetent, the other spouse, in the capacity of surviving partner of the marital partnership, thereupon acquires full power to manage, control, and dispose of the entire community estate, including the part which the incompetent spouse would legally have power to manage in the absence of such incompetency, and no administration, community or otherwise, shall be necessary. Guardianship of the estate of the incompetent spouse shall not be necessary when the other spouse is competent unless the incompetent spouse owns separate property, and then as to such separate property only. The qualification of a guardian of the estate of an incompetent spouse does not deprive the competent spouse of the right to manage, control, and dispose of the entire community estate as provided in this Code."

In the case of Brown v. Lee, 371 S.W.2d 694 (1963), the Supreme Court of Texas said:

"A 1957 amendment to article 23(1), Vernon's Ann.Civ.Stats., enlarged the statutory definition of 'property' so that it now includes 'insurance policies and

the effects thereof.' The legislature has thus aligned Texas with other community property states in adhering to the theory that the right to receive insurance proceeds payable at a future but uncertain date is 'property'. Such property is said to be in the nature of a chose in action which matures at the death of the insured. * * *

"When purchased with community funds, the ownership of the unmatured chose logically belongs to the community, unless it has been irrevocably given away under the terms of the policy, i. e., where the purchaser has, without fraud, foreclosed any right to change the named beneficiary as in Evans v. Opperman, 76 Tex. 293, 13 S.W. 312 (1890). The proceeds at maturity are likewise community in character, except where the named beneficiary is in fact surviving, in which case a gift of the policy rights to such beneficiary is presumed to have been intended and completed by the death of the insured."

■ The policies considered in Brown v. Lee, supra, contained a designation of the estate of the husband as alternate beneficiary. While this fact was not discussed in the opinion, it would appear that the court necessarily held that the husband, as manager of the community, was without power to divert community assets to his separate estate by this device. See contra, Warthan v. Haynes, 288 S.W.2d 481 (Tex. Sup.1956).

■ The right to receive the proceeds of the policy in question is property in the nature of a chose in action maturing at the death of Mr. Salvato. The ownership of the unmatured chose constitutes a portion of the community estate of Mr. and Mrs. Salvato.

While Sec. 157 of the Probate Code clearly provides that the wife of an incompetent should have the same power to deal with the community property as her husband previously possessed, there is authority for the proposition that the right to change the beneficiary reserved in an insurance policy is a right personal to the insured. Howard v. Imes, 256 Ala. 298, 90 So.2d 818 (1956); Anno., 84 A.L.R. 366; 21 A.L.R.2d 1191.

■ It appears to be the generally accepted rule, however, that the guardian of an incompetent may exercise the right to change the beneficiary designated in a policy on the life of the incompetent if by the change the ward is benefited, and if the guardian is duly authorized to make such a change of beneficiary by a court of competent jurisdiction. United States v. Tighe, 229 F.Supp. 680 (U.S.D.C., Miss., 1964); Parry v. Parry, 316 Mass. 692, 56 N.E.2d 875 (1944); In re Degnan, 122 N.J.Eq. 470, 194 A. 789 (1937); Zuber v. Zuber, 93 Ohio App. 195, 112 N.E.2d 688 (1952).

■ The authorities cited, and others found therein, make it clear that the rights considered "personal" are subject to legislative control. In this instance once Mr. Salvato was adjudicated incompetent, Mrs. Salvato became manager of the community property, empowered, without court approval, to exercise all rights, with reference to the community assets, which Mr. Salvato had previously been authorized to exercise. The right to change the beneficiary reserved to Mr. Salvato in the insurance policy under consideration is such a right. While Mrs. Salvato would not be acting in a purely representative capacity as in the case of a guardian, since she is a joint owner, it seems clear that Section 157 of the Probate Code authorizes the wife, when acting as surviving partner of the marital partnership, to act for the husband in exercising rights reserved to him in contracts made by him for the community estate. We hold, therefore, that a wife, acting in the capacity of surviving partner, can exercise the right reserved in a policy of life insurance to change the beneficiary previously designated by the husband.

Neither the insurance company nor those now named as beneficiaries in the policy have legal standing to question the validity of the action of Mrs. Salvato in naming herself as beneficiary once it is established that she has the right to request a change of beneficiary. The right of the insurance company is determined by the provisions of the policy and the action requested is not prohibited thereby. It is the duty of the Company to comply with the request once it is presented in compliance with the terms of the policy. The beneficiaries presently named in the policy have no vested interest in it which they may protect. Volunteer State Life Ins. Co. v. Hardin, 145 Tex. 245, 197 S.W.2d 105 (1946).

We do not determine the question of whether the designation of Mrs. Salvato as beneficiary will carry the same legal effect as would follow had she been designated beneficiary by Mr. Salvato. A question as to the ownership of the proceeds of this policy may well arise on the death of Mr. Salvato, the answer to which may be difficult to predict in light of the change made in the definition of "property" by Section 1 of Art. 23, V.A.C.S. See McCurdy v. McCurdy, 372 S.W.2d 381 (Tex.Civ.App., Waco, 1963); Comment, 18 Baylor Law Review 627 (1966).

Such questions are not properly the subject for a declaratory judgment under the circumstances of this case. No justiciable controversy concerning the eventual ownership of the funds exists at this time. Mrs. Salvato may find it prudent in the management of the community estate to request another change in the beneficiary. The question of ownership of the proceeds of the policy must be determined in light of the facts existing at the time of the death of the insured. California Products, Inc. v. Puretex Lemon Juice, Inc., 160 Tex. 586, 334 S.W.2d 780 (1960); Cowan v. Cowan, 254 S.W.2d 862 (Tex.Civ.App., Amarillo, 1952).

The judgment of the Trial Court is reversed and judgment is here rendered that Mrs. Ruth Salvato, acting in the capacity of surviving partner of the marital partnership with Joseph Ben Salvato, Jr., has the same authority to act as did her husband in requesting the change of beneficiary submitted to the Insurance Company with respect to the policy of insurance in question, and that the Insurance Company is bound by the terms of the policy to make the requested change.

Reversed and rendered.