Howard R. STEWART and Taresa Stewart, Appellants,

v.

MUTUAL BENEFIT LIFE INSURANCE COMPANY, Appellee.

No. 8539.

Court of Civil Appeals of Texas, Amarillo.

April 14, 1975.

Rehearing Denied May 5, 1975.

Smith & Baker, Inc., Edward R. Smith, Lubbock, for appellants.

Crenshaw, Dupree & Milam, Cecil C. Kuhne, Lubbock, for appellee.

REYNOLDS, Justice.

Confronted with oppugnant motions for summary judgment asserting, respectively, the legal right of the insured under and the owner of a life insurance policy to compel the insurance company to change and the legal right of the insurance company to decline to change, the beneficiary designation in the form proposed by the insured and owner, the trial court summarily determined that the insurance company was not required to accept the designation in the form submitted. The uncontroverted facts are that the change of beneficiary designation is permitted by and it is not prohibited under the terms of the policy. Reversed and rendered.

Mutual Benefit Life Insurance Company issued its life insurance policy No. 5,546,185 insuring the life of Taresa Stewart with the ownership of the policy vested in her husband, Howard R. Stewart, the primary beneficiary. Section 6 of the policy provides for a change of beneficiary in these words:

> From time to time, upon request satisfactory to the Company received at its home office before maturity,
>
> (a) the beneficiary may be changed;
> . . .

The policy states that:

> The proceeds will be payable at the death of the insured to the beneficiary set forth in the most recent beneficiary designation whether in the application or in an effective request as provided by this policy. If every beneficiary in such designation is a natural person taking in his or her own right and if no such beneficiary is alive at such death, the beneficiary will be the executors or administrators of the insured unless otherwise specifically provided in such designation.
>
> Payment will be made by the Company at its home office immediately upon receipt of due proof of the death of the insured.

Section 16 specifying the amount of proceeds payable at the date of the death of the insured also provides that:

> Interest, accruing monthly, at 2¾% yearly or at such higher rate as may be

determined by the Company, from the date of the insured's death to the date of payment, but in no event for more than 6 months, will be allowed on any portion of such proceeds paid in one sum.

Subsequently, the Stewarts signed and submitted to the insurance company a form designating a change of beneficiary in the following manner:

One-half to Howard R. Stewart, husband of the insured, if living, otherwise to his estate, and one-half to the Trustee of The Taresa Stewart Estate Trust, a Testamentary Trust created under the Last Will and Testament of the insured.

Payment of such proceeds shall be deferred, interest accumulating, until the 181st day following the date of death of the Insured or until the Company receives at its Home Office a certified copy of the probated Will of the Insured under which Will a testamentary trust has been created, whichever is the earlier date. At the end of the aforesaid period of deferment such proceeds with interest shall be paid in one sum to the trustee or trustees of said testamentary trust, if such certified copy of said probated Will creating such testamentary trust is received by the Company as hereinbefore provided, otherwise to the executors or administrators of the Insured.

Any payment made by the Company pursuant to the foregoing provisions shall fully release and discharge the Company from all liability with respect to the amount so paid.

Nothing herein shall impose on such insurance company any obligation or burden which the undersigned are not lawfully entitled to impose.

Responsive thereto, the insurance company advised that the "forms are not quite satisfactory to us since the mere receipt of a certified copy of a probated will may not be enough to qualify a testamentary trustee depending, of course, on where the insured dies. Also, this Company does pay interest on proceeds, the payment of which has been deferred, but not beyond a six month period. At any rate we prefer not to include any reference to interest in our form." Upon receipt of correspondence from the attorney for the Stewarts demanding that the designation be recorded, the insurance company then advised that "(W)e are willing to accept that part of the form which deals with the payment of proceeds to the testamentary trustee of the testamentary trust. We must add the stipulation, however, that, before payment is made to the trustee, the Company must be satisfied that the trustee has either qualified or is not required by local law to qualify." Quoting the policy provision for payment of interest on death proceeds, the communication then posed the query whether the provisions in the designation of beneficiary form concerning payment of interest and the disclaimer of imposition of any obligation the insured and owner were not lawfully entitled to impose "are meant to obligate the Company to something more than our contract provision requires."

Seven days after the date of the inquiry, to which no reply is shown by the record, the Stewarts instituted this suit, seeking an order, by writ of mandamus or otherwise, requiring the insurance company to record the change of beneficiary form as submitted. After the issue was joined, the opposing parties moved for summary judgment. The trial court denied the Stewart's motion for summary judgment, granted the motion of the insurance company, and denied the Stewarts the relief they sought.

■ Preliminarily, it should be noted that although the change of beneficiary form as submitted designated the husband, if living, or otherwise, his estate, to be entitled to one-half of the death proceeds and the trustee of The Taresa Stewart Estate Trust or her executors or administrators to be entitled to the other one-half, the form itself dictated that "such proceeds with interest shall be paid in one sum to the trustee or trustees . . . otherwise to the

executors or administrators of the Insured." The insurance company has not objected to the variance between those named to be entitled to the proceeds and the payee designated to receive all of the proceeds. Upon submission, it was declared on behalf of the Stewarts and without objection by the insurance company that the form should have provided, and it should be amended to provide, that payment of the death proceeds shall be made one-half to each primary beneficiary named if in being, otherwise to the respective contingent beneficiaries. Since the insurance company did not reject the submitted designation because of the erroneous authorization for one beneficiary to accept all of the death proceeds and it has not objected to the amendment, the change of beneficiary designation will be considered as amended.

It is undisputed that there is the contractual right given in the policy to change the beneficiary from time to time. Notwithstanding, the insurance company takes the position on appeal that it must give its consent to any change before it becomes effective and, in any event, it was justified in rejecting the requested designation because of the included provisions modifying the insurance policy which the company is not required to accept.

▊▊ While an insurance company may insert in its policy reasonable requirements by which a change of beneficiary may be effected, Garabrant v. Burns, 130 Tex. 518, 111 S.W.2d 1100 (1938), it is only necessary that there be a substantial, rather than a strict, compliance with those policy requirements. Fidelity Union Life Insurance Company v. Methven, 162 Tex. 323, 346 S.W.2d 797 (1961). And it is the duty of the insurance company to honor the request once it is presented in substantial compliance with the terms of the policy. Salvato v. Volunteer State Life Insurance Company, 424 S.W.2d 1 (Tex.Civ.App.—Houston 1968, no writ).

▊ The policy itself contains no specific provisions that the insurance company must consent in a certain manner to a requested change of beneficiary. The only requirement is a "request satisfactory to the Company received at its home office before maturity." The requirement is not an express policy condition that the consent of the insurance company is required to effect a change of beneficiary; it merely means that the company may refuse to accept a change of beneficiary designation only if it is contrary to the express conditions of the policy or to the law.

The insurance company does not seriously question the designation of the beneficiaries named. This is for the reasons that the policy does not prohibit the designation of the beneficiaries the Stewarts selected, and those named are statutorily sanctioned as beneficiaries by V.A.T.S. Insurance Code, art. 3.49–1, § 2, and art. 3.49–3, § 2, as long as the designation meets the provisions of the policy and the requirements of the insurance company.

But the insurance company does seriously question whether the designation meets the provisions of the policy. In this connection, the company proposes that its required acceptance of the designation would modify or add to the policy provisions without the mutuality of its assent thereto. By way of argument, the company advocates that the provision contained in the designation for withholding payment to the trustee or personal representatives of the estate for 181 days or until receipt of a certified copy of the probated will allows the beneficiary, rather than the company, to control when payment is made and requires the company to pay interest that it otherwise would not have to pay. The concern about a unilateral modification of the policy and the uncertainty over the provisions in the designation are understandable but, realistically, the argument is not persuasive.

▊ Although the policy obligates the company to pay the policy proceeds "immediately upon receipt of due proof of the death of the insured," this obligation is necessarily predicated on the preceding

provision which contemplates that the company must be certain that the named beneficiary is capable of receiving the proceeds before payment is made. As a practical matter, all of this information is furnished to, instead of being secured upon initiation of action by, the insurance company, and the company neither can nor will pay the death proceeds until it has been furnished with due proof of death and satisfactory evidence that the named beneficiary or beneficiaries are capable of receiving the proceeds. Moreover, the company further obligated itself to pay interest on any portion of the death proceeds paid in one sum from the date of death to the date it is able to make payment, but not to exceed six months. The designation provides for no departure from that obligation.

In view of the foregoing, the designation, as amended, is no more than a change from Howard R. Stewart as the primary beneficiary to:

1. Howard R. Stewart, husband of the insured, if living, otherwise to his estate, as beneficiary of one-half of the policy proceeds; and

2. The trustee or trustees of The Taresa Stewart Estate Trust, if such trust is created under the last will and testament of the insured, otherwise to the executors and administrators of the insured, as beneficiary of one-half of the policy proceeds;

and a paraphrasing of the policy provisions for payment of one-half of the proceeds to the trustee or the personal representatives upon the death of the insured:

a. When proof of the beneficiaries entitled to payment is furnished, ·

b. With interest paid from the date of death until payment of the proceeds, but in no event for more than six months.

In this light, the amended designation does not modify, alter or add to the provisions of the insurance policy. It does designate beneficiaries permitted to be desig-nated and merely reiterates some of the procedures provided in the policy for payment of the death proceeds. And it comports with the understanding the record reveals the parties sought to, and almost did, reach.

Accordingly, the Stewarts are, and the insurance company is not, entitled to summary judgment. We, therefore, reverse the judgment of the trial court, and, pursuant to Rule 434, Texas Rules of Civil Procedure, and Tobin v. Garica, 159 Tex. 58, 316 S.W.2d 396 (1958), we render the following judgment, to wit:

It is ordered, adjudged and decreed that the motion for summary judgment filed by plaintiffs Howard R. Stewart and Taresa Stewart be, and it hereby is, granted, and the summary judgment motion filed by defendant Mutual Benefit Life Insurance Company be, and it hereby is, denied; and Mutual Benefit Life Insurance Company is ordered to record the change of beneficiary designation executed on May 2, 1973, by Howard R. Stewart and Taresa Stewart, as that designation is amended and construed herein.