Marie E. TOMLINSON, Appellant,

v.

Juanita A. LACKEY, as next friend of her minor son, James Clinton Lackey, Appellee.

No. 6624.

Court of Civil Appeals of Texas, El Paso.

Sept. 14, 1977.

Richard I. Miller, San Antonio, for appellant.

Sam C. Bashara, San Antonio, for appellee.

OPINION

STEPHEN F. PRESLAR, Chief Justice.

This appeal involves the right to the proceeds of an insurance policy between the named beneficiary and the child of the decedent who was to be retained as beneficiary under the terms of a divorce decree. The action was brought by Juanita A. Lackey, as next friend of James Clinton Lackey (Appellee), her minor son, against Appellant, Marie E. Tomlinson, the named beneficiary on a policy of insurance on the life of William Lackey. The trial Court declared Appellant to be the trustee for the benefit of James Clinton Lackey of $33,000.00 of insurance proceeds paid to her, and further that the Appellee have judgment against Appellant for any deficiency as to the sum of $33,000.00. We affirm.

Juanita A. Lackey and the deceased, William Gene Lackey, are the adoptive parents of the Appellee. At the time of their divorce, the life insurance policy involved was in effect and the divorce decree provided that William Lackey should retain as beneficiary thereof the minor son, Appellee. Under the terms of the policy, William Lackey had the right to change beneficiaries and, at the time of his death, the designated beneficiary was the Appellant and she was paid the $33,000.00 proceeds of the policy. Appellee brought this suit against both the Appellant and the insurer, but the insurance company was dismissed from the case prior to trial.

Appellant says that the trial Court erred in overruling her special exceptions pertaining to the sufficiency of the Appellee's pleadings. We overrule that point of error. The trial Court is vested with wide discretion in passing on special exceptions and the burden is on the Appellant to show an abuse of such discretion. *H. O. Dwyer, Inc. v. Steele*, 489 S.W.2d 686 (Tex.Civ.App.—Houston [1st Dist.] 1972, no writ). The test in determining the sufficiency of Appellee's pleadings is whether or not they provide "fair notice" of his cause of action. Tex.R.Civ.P. 45; *Ware v. Crystal City Independent School District*, 489 S.W.2d 190 (Tex.Civ.App.—San Antonio 1972, writ dism'd). The trial Court did not abuse its discretion as to fair notice as we view the Appellee's pleadings. As indicated, the Appellee sued both the insurance company and the Appellant and fully alleged all the requirements for a good cause of action under the policy against the insurance company. A copy of the policy was attached to the original petition and it was alleged that the proceeds of the policy were payable to James Clinton Lackey pursuant to a divorce decree, and a copy of that decree was attached to the pleadings and incorporated fully therein.

There were pleadings for an injunction to prevent the Appellant from disposing of the funds, and it was further pled that upon final hearing that Appellant be ordered to pay into the registry of the Court for the benefit of Plaintiff the sum of $33,000.00, and that the Plaintiff have judgment against the Defendant for any deficiency. In a separate paragraph it was pled that, in addition to the injunctive relief and the

payment into Court of the $33,000.00 for the benefit of the Plaintiff, in the alternative Plaintiff have judgment against the Appellant in the amount of $33,000.00. Again, in a trial amendment filed at the beginning of the trial, Appellant pled that "alternatively to the Court finding and declaring MARIE E. TOMLINSON trustee of the proceeds from the insurance policy that Plaintiff have judgments against MARIE E. TOMLINSON for $33,000.00 for the reasons stated in Plaintiff's Original Petition." A reading of all the pleadings of the Plaintiff together with the attached policy of insurance and the judgment of divorce gives notice of Appellee's claim and the trial Court correctly overruled the exceptions to the pleadings.

■ The most recent case announcing the principles of law which control this case is *Wunsche v. Equitable Life Assurance Society of the United States*, 551 S.W.2d 84 (Tex.Civ.App.—Beaumont 1977, no writ). The Court said:

"The general rule in determining whether a person is a third party beneficiary, is clearly set forth in *Republic Nat. Bank v. National Bankers Life Ins. Co.*, 427 S.W.2d 76, 79 (Tex.Civ.App.—Dallas 1968, writ ref'd n. r. e.), as follows:

" 'Parties are presumed to contract for themselves and it follows that a contract will not be construed as having been made for the benefit of a third person unless it clearly appears that such was the intention of the contracting parties. *Citizens Nat. Bank v. Texas & P. Ry. Co.*, 136 Tex. 333, 150 S.W.2d 1003 (1941).' "

The court was construing a divorce property settlement agreement which provided that the husband would name the minor child of the marriage as the beneficiary in his life insurance policy. The Court noted that the property settlement agreement before it was a classic example of a contract made for a third party beneficiary. It cited and relied on a case not unlike the one before us, *Box v. Southern Farm Bureau Life Insurance Company*, 526 S.W.2d 787 (Tex.Civ.App.—Corpus Christi 1975, writ

ref'd n. r. e.). In that case, it was held that the property settlement agreement gave the children a vested equitable interest in the proceeds of the insurance policy upon the father's life, citing as authority a case out of this Court, *Locomotive Engineers' Mut. Life & Accident Ins. Ass'n v. Waterhouse*, 257 S.W. 304 (Tex.Civ.App.—El Paso 1923, writ ref'd), and *Leal v. Leal*, 401 S.W.2d 293 (Tex.Civ.App.—San Antonio 1966, no writ). Another case very much like the one before us, and relying on the above cited authorities, is *O'Neill v. Connecticut Mutual Life Insurance Company*, 544 S.W.2d 741 (Tex.Civ.App.—Houston [1st Dist.] 1976, writ ref'd n. r. e.). On the basis of the above authorities, it is clear that the trial Court was correct in its conclusions of law that the minor child, Appellee, was vested with an equitable interest in the proceeds of the insurance policy.

■ Appellant urges that the Court erred in finding that William Lackey contracted with Juanita Lackey to designate James Clinton Lackey as primary beneficiary and to retain him as such beneficiary as there was no evidence and insufficient evidence to support such holding. The fact that the parties entered into a written agreement is proved by the judgment of divorce, and it is a final, unappealed-from judgment not attacked in any way in this proceeding. That judgment provides:

"The Court finds the parties have entered into a written Agreement respecting conservatorship and the support of the child, a copy of which is filed in this proceeding, and the Agreement is in the best interest of the child and should be made a part of the ORDER of the Court."

The judgment then proceeds with naming the managing conservator and the possessory conservator and setting out visitation rights and child support with a list of community property set aside to each of the parties, then comes down to this provision:

"5. All right, title and interest in and to Profit Sharing Plan of the American Tobacco Company, employer of William Gene Lackey, it being understood and agreed that William Gene Lackey shall

retain as beneficiary under the aforesaid profit sharing plan and any retirement plan and group life insurance policies he may own an interest in with the aforesaid company, the minor son of the parties, James Clinton Lackey, it being agreed that said understanding and agreement is binding not only on Respondent but his heirs, executors and assigns forever."

This is the provision which is the basis of this suit and, so far as the application of the above announced principles of law are concerned, we see no difference in the fact of whether it is a contract between the parties or whether it arises out of a judgment of the Court. In fact, it would seem that a solemn unappealed final judgment of a Court would, as a matter of law, give the minor child a vested equitable interest in the proceeds of the insurance policy on his father's life. Additionally, the above provision must be held to be a contract binding on the parties, even though set out in the judgment, for in addition to the Court's signature, attorneys for both parties signed the judgment and each of the parties, Juanita Lackey and William Gene Lackey, signed the judgment. Thus, they would be bound by this written instrument as both a contract and a judgment.

The Court imposed a trust on the $33,000.00 proceeds and ordered Appellant to pay them into Court within thirty-one days. In the event there was any deficiency in the $33,000.00 payment, the Court gave Appellee judgment against Appellant for such deficiency. Appellant says that she should not be required to pay any deficiency because she was innocent in accepting the payments under the policy and retained them for nineteen months before this suit was filed. She relies on an exception to the general rule that money paid under mistake of fact may be recovered, which exception arises when the payee has changed his position to his prejudice because of the payment, and he would lose if required to pay back the money. 44 Tex. Jur.2d Payments, Sec. 77 (1963). However, Appellant concedes with admirable candor that she did not submit evidence of any material and prejudicial change in her posi-

tion; therefore, the point of error must be overruled.

All points of error have been considered and all are overruled. The judgment of the trial Court is affirmed.