**PRUDENTIAL INSURANCE COMPANY OF AMERICA, Appellant,**

v.

**Riley P. BURKE, Appellee.**

**No. 8844.**

Court of Civil Appeals of Texas, Texarkana.

Feb. 27, 1981.

Appellant's Rehearing Denied April 7 and May 5, 1981.

Appellee's Motion Granted in Part and Overruled in Part April 7, 1981.

Michael Stevens, Atchley, Russell, Waldrop & Hlavinka, Texarkana, for appellant.

Errol Friedman, Freidman & Hooper, Texarkana, for appellee.

CORNELIUS, Chief Justice.

Riley P. Burke filed this suit against Prudential Insurance Company because it refused to change the beneficiary of his life insurance policy. The petition sought either damages, specific performance or declaratory judgment. The trial court rendered judgment declaring that Prudential had the duty to change the beneficiary in accordance with Burke's direction, and allowing Burke a recovery of his attorney's fees. Prudential has appealed.

The facts were stipulated. The policy was issued during the time Mr. Burke was married to Dorthy Jo Burke, and she was named beneficiary. Several years later, Mr. and Mrs. Burke were divorced. They subsequently remarried and again divorced. Neither divorce decree mentioned the insurance policy. Several months after the second divorce, Mr. Burke directed Prudential to change the beneficiary of his policy to Melba L. Burke, whom he married after his second divorce from the former Mrs. Burke. Prudential refused, contending that despite the policy provision allowing the insured to change the beneficiary,[1] it could not or should not do so because under Texas law the present beneficiary has a community interest in the policy and in the future right to the proceeds which cannot be divested by the ex parte act of the insured.

Prudential relies upon authorities which hold that when a beneficiary has a vested interest in the proceeds of an insurance policy the insured cannot change the beneficiary designation. See *Tomlinson v. Lackey*, 555 S.W.2d 810 (Tex.Civ.App.-El Paso 1977, no writ); *Box v. Southern Farm Bureau Life Ins. Co.*, 526 S.W.2d 787 (Tex. Civ.App.-Corpus Christi 1975, writ ref'd n. r. e.); *Leal v. Leal*, 401 S.W.2d 293 (Tex.Civ. App.-San Antonio 1966, no writ); 4 Couch on Insurance 2d § 27.66 (1960). Those cases state the correct rule in their respective situations, but they do not govern this case. A party designated as beneficiary in an insurance policy requires a vested right in the future policy proceeds when there is a contract which obligates the insured not to change that designation, *Tomlinson v. Lackey*, supra; *Leal v. Leal*, supra, but that is not the situation here. In our case, the beneficiary's interest in the policy arises from the operation of our community property law. By that law, a policy purchased with community funds is an unmatured chose in action owned by the community which matures at the death of the insured. The proceeds, when paid, constitute commu-

nity funds, except where the beneficiary survives the insured, in which case a gift of the insured's portion of such proceeds is presumed to have been intended and completed by the insured's death. *Brown v. Lee*, 371 S.W.2d 694 (Tex.1963); *Alexander v. Alexander*, 410 S.W.2d 275 (Tex.Civ.App.-Houston 1966, no writ). That rule, however, does not prevent the insured from exercising the contractual right given in the policy to change the beneficiary. The insurance company has neither the contractual right to refuse such a change nor the standing to represent the owner of the other community interest to prevent such a change. *Stewart v. Mutual Benefit Life Insurance Co.*, 522 S.W.2d 257 (Tex.Civ. App.-Amarillo 1975, writ ref'd n. r. e.); *Salvato v. Volunteer State Life Insurance Company*, 424 S.W.2d 1 (Tex.Civ.App.-Houston 1968, no writ). The insured may change the beneficiary and if he does his act constitutes a gift of his interest in the policy to the new beneficiary, but it does not affect the first beneficiary's community interest in the proceeds of the policy when payable. In other words, the change of beneficiary is effective only as to the insured's community interest. *Amason v. Franklin Life Insurance Company*, 428 F.2d 1144 (5th Cir. 1970); *Berry v. Franklin State Bank & Trust Co.*, 186 La. 623, 173 So. 126 (1937); *McBride v. McBride*, 11 Cal. App.2d 521, 54 P.2d 480 (1936); 44 Am. Jur.2d Insurance § 1777, p. 691. See also Annot., 114 A.L.R. 545, s. 168 A.L.R. 342, 347. The trial court correctly concluded that Prudential was obligated to effect the change of beneficiary directed by Mr. Burke.

Prudential also complains of the court's award of attorney's fees. We sustain its point in that regard.

In general, attorney's fees are not recoverable, either in actions in tort or upon contracts, unless authorized by statute or

---

1. "The beneficiary under this policy may be changed from time to time, upon proper written request, but such change shall become operative only if the policy is so endorsed by the company, whereupon it shall take effect and any previous beneficiary's interest shall cease as of the date of such request, ...".

by contract. *New Amsterdam Casualty Co. v. Texas Industries, Inc.*, 414 S.W.2d 914 (Tex.1967); *Jay Fikes and Associates v. Walton*, 578 S.W.2d 885 (Tex.Civ.App.-Amarillo 1979 writ ref'd n. r. e.); *Whitten v. Alling & Cory Company*, 526 S.W.2d 245 (Tex.Civ.App.-Tyler 1975, writ ref'd). The insurance policy involved here contains no provision for the recovery of such fees. Tex.Rev.Civ.Stat. Ann. art. 2226, which provides for the recovery of such fees in many types of cases, expressly excludes claims against insurance companies which are subject to the provisions of Tex.Ins.Code Ann. arts. 21.21, 21.21–2 (Supp.1980) and 3.62. Article 21.21 of the Insurance Code applies to any person or corporation engaged in the business of insurance in Texas, *Jay Freeman Co. v. Glens Falls Ins. Co.*, 486 F.Supp. 140 (N.D.Tex.1980); yet none of the insurance code provisions allowing a recovery of attorney's fees applies to this type of case. Neither does the declaratory judgment act allow for the recovery of attorney's fees, unless they are recoverable by virtue of other statutory or contractual provisions. *Allstate Insurance Company v. Zellars*, 452 S.W.2d 539 (Tex.Civ.App.-El Paso), *aff'd on other grounds*, 462 S.W.2d 550 (Tex.1970); *Kelsey v. Corbett*, 396 S.W.2d 440 (Tex.Civ. App.-El Paso 1965, writ ref'd n. r. e.), *appeal dism'd*, 385 U.S. 35, 87 S.Ct. 240, 17 L.Ed.2d 34 (1966); Annot., 87 A.L.R. 3d 429 (1978).

The judgment of the District Court is reformed to delete the provision awarding attorney's fees to Mr. Burke. As reformed, the judgment is affirmed.

BLEIL, J., not participating.

## ON MOTION FOR REHEARING

CORNELIUS, Chief Justice.

On rehearing we have concluded that Mr. Burke was entitled to a recovery of attorney's fees. In a very recent decision, our Supreme Court ruled that attorney's fees were recoverable under Article 2226, Tex.Rev.Civ.Stat.Ann., in a suit to specifically enforce a contractual obligation to convey real estate. In that case there was no claim for any type of monetary payment or damages, but only a demand that the defendants fulfill their contractual obligation. See *Jones v. Kelly*, 614 S.W.2d 95 (Tex.1981).

In our case, Mr. Burke prayed for specific performance of Prudential's contractual obligation to change the beneficiary of his policy and the trial court in its judgment ordered Prudential to comply. It was undisputed that Mr. Burke made the necessary presentment of his demand for performance as required by Article 2226. If a suit to specifically perform a contract to convey real estate authorizes a recovery of attorney's fees under Article 2226, there appears to be no reason why such a recovery should not be allowed in this suit unless it be considered that the statute excludes all insurance contracts. Upon further consideration we have concluded that, in excluding contracts of insurance companies subject to the Insurance Code's Unfair Claims Settlement Practices Act, the Unfair Competition And Unfair Practices Act, and Section 3.62 of the Insurance Code, the purpose of Article 2226 was to exclude only those claims against insurance companies where attorney's fees were already available by virtue of other specific statutes, as they are in those which Article 2226 specifically mentions. In view of the Supreme Court's extension of Article 2226 to suits on written contracts involving other than monetary claims, and in view of the legislative mandate that Article 2226 be liberally construed, we hold that attorney's fees were properly awarded.

BLEIL, J., not participating.