Harry CHILDRESS et al., Appellants,

v.

DAIRYLAND COUNTY MUTUAL IN-
SURANCE COMPANY, Appellee.

No. 11–81–041–CV.

Court of Appeals of Texas,
Eastland.

July 22, 1982.

Rehearing Denied July 29, 1982.

Craig A. Eggleston, Thompson, Coe, Cousins & Irons, Duncan L. Clore, Strasburger & Price, Samuel R. Bonney, Bonney, Wade & Stripling, Dallas, John W. Fulbright, Fulbright, Winniford, Bice & Marable, Waco, for appellants.

Gerald R. Powell and Jeffrey S. Lynch, Vial, Hamilton, Koch, Tubb, Knox & Stradley, Dallas, for appellee.

DICKENSON, Justice.

This insurance coverage dispute resulted from the policyholder's informal living arrangements with his girl friend. The insur-

ance company relied on two exclusions. The jury rejected the company's claim that the girl friend was the policyholder's common-law spouse, but it accepted the insurance company's claim that her car was furnished to the policyholder for his regular use.

Plaintiffs,[1] after securing a judgment against Frederick Booth,[2] sued his insurance carrier, Dairyland County Mutual Insurance Company.[3] Plaintiffs sought damages in the aggregate sum of $31,000 which were caused by an automobile collision on South Central Expressway in the City of Dallas on June 26, 1975, while Booth was driving a Chevrolet automobile which belonged to his girl friend, Para Strong. Following a trial by jury, judgment was rendered on December 30, 1980, that Dairyland's cross action for attorney fees be denied and that plaintiffs take nothing. Plaintiffs appeal.[4] We affirm in part, and we reverse and render in part.

The verdict of the jury can be briefly summarized as:

Special Issue No. 1: Para Strong (the girl friend) was not the spouse of Frederick C. Booth (the policyholder).

Special Issue No. 2: The Chevrolet (Para Strong's automobile) was furnished (to Frederick C. Booth) for his regular use.

Special Issue No. 3: The reasonable attorney fees for defending Dairyland on the claim under the Deceptive Trade Practices Act, which was included in the original petition on September 22, 1978, and abandoned in the amended petition on February 12, 1980, would be $600.

First, we will discuss Dairyland's cross-point which complained of the trial court's refusal of attorney fees for its defense of the claim under the Deceptive Trade Practices Act.[5] The trial court properly denied this claim because Dairyland failed to prove that plaintiffs' claim under that Act was "groundless and brought in bad faith, or brought for the purpose of harassment." See *Computer Business Services, Inc. v. West*, 627 S.W.2d 759 at 761 (Tex.App.—Tyler 1981, writ ref'd n.r.e.).

Plaintiffs have briefed nine points of error. Point One argues that the trial court erred in finding that plaintiffs were bound by an agreed declaratory judgment[6] to

1. Plaintiffs include: Gladys Childress, personal injuries; Cheryl Childress, personal injuries; Blue Cross-Blue Shield of Texas, subrogation rights on the two personal injury claims; Harry Childress, property damage to the car; Dorothy J. Smith, property damage to the house which was hit; and National Lloyds Insurance Company, subrogation rights on the property damage to the house.

2. Judgment was rendered against Frederick Booth on July 18, 1978, in favor of Plaintiffs, as follows: Gladys Childress, $16,890; Blue Cross-Blue Shield of Texas, $3110 in connection with the injuries to Gladys; Cheryl Childress, $894; Blue Cross-Blue Shield of Texas, $106 in connection with the injuries to Cheryl; Harry Childress, $2,210; Dorothy J. Smith, $2,690; and National Lloyds Insurance Company, $5,100.

3. Dairyland issued two automobile liability policies to Frederick Booth which were in force on the date of the automobile accident, each for liability limits of $10,000 each person, $20,000 each occurrence for all persons, and $5,000 property damage liability. One policy was an "owners policy" which described a Dodge automobile, and the other was a "non owner policy" which did not list any automobile. The "non owner policy" was certified by Dairyland to the Texas Department of Public Safety "in accordance with the financial responsibility laws and regulations of this State" on Form SR-22. See Tex.Rev.Civ.Stat.Ann. art. 6701h (Vernon Supp.1982). The Chevrolet automobile which Booth was driving at the time of the wreck was not listed on either policy.

4. This case was transferred from the Dallas Court of Appeals to this court on October 1, 1981. See Tex.Rev.Civ.Stat.Ann. art. 1738 (Vernon Supp.1982).

5. See Tex.Bus. & Comm.Code Ann. § 17.50(c) (Vernon Supp.1982).

6. An agreed judgment was rendered on March 1, 1977, in Cause No. 76-6157-L, *Dairyland County Mutual Insurance Company v. Frederick C. Booth and Para Lee Gowens*, declaring that Booth and Gowens were "living together as a common-law husband and wife" and that the Chevrolet automobile which Booth was driving at the time of the accident on June 26, 1975, was "regularly furnished for the use" of Booth. Plaintiffs were not joined as parties in that lawsuit.

which they were not parties, and Point Two claims the trial court erred in finding that a post-accident declaratory judgment was effective to bind parties whose rights had previously become fixed under the Safety Responsibility Act. We sustain these points of error.

■ The Declaratory Judgments Act[7] specifically provides in Section 11 that:

When declaratory relief is sought, all persons shall be made parties who have or claim any interest which would be affected by the declaration, and no declaration shall prejudice the rights of persons not parties to the proceeding.

See also 20 Appleman, Insurance Law and Practice § 11371 (1963).

■ Moreover, as to the "certified" policy, the Safety Responsibility Law[8] specifically provides in Section 21(f)(1):

The liability of the insurance company with respect to the insurance required by this Act shall become absolute whenever injury or damage covered by said motor vehicle liability policy occurs; said policy may not be cancelled or annulled as to such liability by any agreement between the insurance company and the insured after the occurrence of the injury or damage; no statement made by the insured or on his behalf and no violation of said policy shall defeat or void said policy.

■ The third point claims the trial court erred in holding that a certified operator's policy does not provide coverage for automobiles not owned by the named insured, but which are available for his regular use. We sustain this point. The endorsement which was attached to the family automobile policy to convert it to an "operators" or "Non Owner" policy is form 84. It provides in pertinent part that:

It is agreed that such insurance as is afforded by the policy for Bodily Injury Liability, for Property Damage Liability and for Basic Medical Payments *applies*

*with respect to the use of any automobile by* or in behalf of *the named insured....*

The insurance does not apply: (a) to any automobile owned by the named insured or spouse .... (three inapplicable exclusions are not quoted)

See also Tex.Rev.Civ.Stat.Ann. art. 6701h, § 21(c) (Vernon 1977) which expressly provides:

Such operator's policy of liability insurance shall pay on behalf of the insured named therein all sums which the insured shall become legally obligated to pay as *damages arising out of the use by him of any motor vehicle not owned by him ....* (Emphasis added)

■ Point Four argues that the trial court erred in failing to award plaintiffs a judgment for attorney fees as part of their recovery under the operator's policy. We agree. The stipulated attorney fees should have been awarded. Tex.Rev.Civ.Stat.Ann. art. 2226 (Vernon Supp.1982) authorizes the recovery of attorney fees on "suits founded on oral or written contracts." County mutual insurance companies are not exempted from the provisions of Article 2226 because they are not subject to any of the other insurance statutes listed therein. Clearly, plaintiffs' claims are founded on the insurance contract as well as the Safety Responsibility Statute and the judgment against Dairyland's policyholder.

■ Point Five argues that the trial court erred in failing to render judgment against Dairyland for accrued interest. We agree. Plaintiffs are entitled to interest at the rate of 9% per annum from the date of their judgment against Dairyland's policyholder, July 18, 1978. See *Plasky v. Gulf Insurance Company*, 160 Tex. 612, 335 S.W.2d 581 at 583 (1960); Tex.Rev.Civ.Stat. Ann. art. 5069–1.05 (Vernon Pam.Supp. 1981).

■ The remaining points of error[9] concern only the second policy of insurance, the

---

7. Tex.Rev.Civ.Stat.Ann. art. 2524–1 (Vernon 1965).

8. See footnote 3, supra.

9. Point Six: "The Trial Court erred in admitting, over plaintiffs' objection, an agreed declaratory judgment to which plaintiffs were not bound."

"owners policy" which was not certified to the Department of Public Safety. This policy did not afford coverage to a non-owned automobile "furnished for the regular use" of Dairyland's policyholder. This issue was properly raised as an affirmative defense under Tex.R.Civ.P. 94. It was an issue upon which plaintiffs had the burden of proving that the automobile was *not* furnished for Booth's regular use. *Neal v. United States Fire Insurance Company*, 427 S.W.2d 676 (Tex.Civ.App.—Corpus Christi 1968, no writ). Since there was no evidence in support of plaintiffs' position on this issue, they have not discharged their burden under Tex.R.Civ.P. 434 because the admission of improper proof that the car was furnished for his regular use is immaterial. Points of error 6, 7, 8 and 9 are overruled. The trial court's error[10] became harmless error in view of plaintiffs' failure to introduce any evidence to support their contention that the live-in girl friend's car was *not* furnished to Dairyland's policyholder for his regular use.

Point Seven: "The Trial Court erred in admitting as evidence, over plaintiffs' objection, the result and factual recitations from an agreed judgment in a different case."

Point Eight: "The Trial Court erred in allowing depositions and other court records from a different cause to be admitted as evidence and read to the jury over the plaintiffs' objection."

Point Nine: "The Trial Court erred in admitting, over plaintiffs' objection, the depositions

The judgment of the trial court is affirmed insofar as it provided that plaintiffs take nothing in connection with the "owners" policy of insurance and insofar as it denied attorney fees to Dairyland County Mutual Insurance Company. As to the "operators" or "Non Owner" policy which was certified in compliance with the Safety Responsibility Law, the judgment of the trial court is reversed, and we render judgment against Dairyland County Mutual Insurance Company and in favor of plaintiffs in the total amount of $11,000 for personal injury coverage, $5,000 for property damage coverage, attorney fees in the stipulated sum of $6,400 and interest at the rate of 9% on the sum of $31,000 from July 18, 1978, until the principal sum of $16,000 is paid, and ¹⁶/₃₁sts of all costs of suit.

themselves as exhibits and sending them to the jury."

10. The trial court should not have admitted the agreed judgment, the deposition, and other court records from the declaratory judgment proceeding in which plaintiffs were not joined as parties. *Hall v. White*, 525 S.W.2d 860 (Tex. 1975); *Allen v. Great Liberty Life Insurance Company*, 522 S.W.2d 247 (Tex.Civ.App.— Eastland 1975, writ ref'd n.r.e.).