**Jim D. MARTIN, Appellant,**

v.

**TRAVELERS INDEMNITY COMPANY OF RHODE ISLAND, Appellee.**

No. 05–84–01075–CV.

Court of Appeals of Texas, Dallas.

Aug. 1, 1985.

Rehearing Denied Sept. 6, 1985.

Walter C. Davis, III, Riddles & Tompkins, Dallas, for appellant.

Joe Smith, Baker, Foreman & Boudreaux, Dallas, for appellee.

Before STEPHENS, HOWELL and McCLUNG, JJ.

McCLUNG, Justice.

Our question is whether attorney fees may be recovered from the carrier in workers' compensation cases under TEX.REV. CIV.STAT.ANN. art. 2226 (Vernon Supp. 1985) in addition to those made a part of the award at trial in accordance with TEX. REV.CIV.STAT.ANN. art. 8306, § 7c (Vernon Supp.1985). We hold they cannot.

No dispute is presented on the facts or the amount of workers' compensation benefits awarded that included attorney fees. Appellant complains solely of the denial of his claim for additional attorney fees from appellee, the workers' compensation carrier, under article 2226.

Appellant contends that the attorney fees he received were awarded under the statutory authority in workers' compensation cases as set out in TEX.REV.CIV. STAT.ANN. arts. 8306 and 8307 (Vernon 1967 & Vernon Supp.1985). However, appellant insists that he is within the class enumerated by article 2226 because he has established a valid workers' compensation claim against the carrier, and such claim is founded on a written contract to which he is privy, or in the alternative, to which he is a third party beneficiary, thus he is entitled to recover the additional attorney fees (presentment and refusal are admitted). We disagree with this contention.

Appellant presents us with Texas legislative history of article 2226 that shows the legislature has, at times, expanded the scope of statutory authority for awards of attorney fees into areas not previously allowed. While we are mindful of the legislative mandate of liberal construction in the

1979 amendment to article 2226, we have found nothing to indicate any legislative intent to statutorily authorize attorney fees as a part of the award to the claimant in a workers' compensation case as already authorized by articles 8306 and 8307, and also additional attorney fees to be paid by the carrier under article 2226. To the contrary, the 1977. amendment, while adding language to include recovery of attorney fees on oral and written contracts, also added exclusionary language as to certain insurance contracts. Although insurance contracts written pursuant to the Workers' Compensation Law in the State of Texas are not specifically mentioned in the exclusionary language, the intent of this portion of article 2226 has been addressed numerous times by Texas courts since it became effective.

The more recent cases have consistently followed the rationale set out in *Prudential Insurance Co. of America v. Burke*, 614 S.W.2d 847 (Tex.Civ.App.—Texarkana), *writ ref'd n.r.e. per curiam*, 621 S.W.2d 596 (Tex.1981). In *Burke*, the court pointed out that in excluding various insurance contracts from the statute "the purpose of Article 2226 was to exclude only those claims against insurance companies where attorney's fees were already available by virtue of other specific statutes...." *Burke*, 614 S.W.2d at 850. Also see *Commonwealth Lloyd's Insurance Co. v. Thomas*, 678 S.W.2d 278, 284 (Tex.Civ.App.—Fort Worth 1984, writ ref'd n.r.e.) and the cases cited therein. We note that the supreme court, in refusing writ of error n.r.e. in *Burke*, 621 S.W.2d at 597, wrote that the court of appeals correctly decided the case and also in three subsequent cases that followed the *Burke* holding refused error with the notation "no reversible error."

In this case, appellant does not dispute that attorney fees are available by virtue of a specific statute. We have decided to follow the reasoning and rationale of the above line of cases and hold the trial court did not err in denying appellant's attorney fees under article 2226 over and above that awarded to him by the trial court under article 8306, § 7c, the specific statute controlling such awards.

Affirmed.