**IN THE UNITED STATES COURT OF APPEALS**

**FOR THE FIFTH CIRCUIT**

_____

No. 98-10904

_____


FEDERATED MUTUAL INSURANCE COMPANY,

                                        Plaintiff,

                    versus

GRAPEVINE EXCAVATION INC.; ET AL,

                                        Defendants,

GRAPEVINE EXCAVATION INC.,

            Defendant - Third Party Plaintiff - Appellant,

                    versus

MARYLAND LLOYDS, a Lloyds Insurance Company,

                    Third Party Defendant - Appellee.

_____

Appeal from the United States District Court
for the Northern District of Texas
_____
December 1, 1999

Before JONES and WIENER, Circuit Judges, and WALTER, District
Judge.[*]

PER CURIAM:

CERTIFICATE FROM THE UNITED STATES COURT OF APPEALS FOR THE FIFTH
CIRCUIT TO THE SUPREME COURT OF TEXAS, PURSUANT TO THE TEXAS
CONSTITUTION, ART. 5, § 3-C AND RULE 58 OF THE TEXAS RULES OF
APPELLATE PROCEDURE

_____

[*]District Judge of the Western District of Louisiana, sitting
by designation.

TO THE SUPREME COURT OF TEXAS AND THE HONORABLE JUSTICES THEREOF:

## I.  STYLE OF THE CASE

The style of the case in which certification is made is Grapevine Excavation, Inc., Defendant-Third Party Plaintiff-Appellant versus Maryland Lloyds, Third Party Defendant-Appellee, Case No. 98-10904, in the United States Court of Appeals for the Fifth Circuit, on appeal from the United States District Court for the Northern District of Texas.  This case involves a determinative question of state law, and jurisdiction of the case in the federal courts is based solely on diversity of citizenship.

## II.  STATEMENT OF THE CASE

Maryland Lloyds ("Maryland") issued a commercial general liability insurance policy to Grapevine Excavation, Inc. ("GEI"). Under the policy, Maryland had a duty to defend GEI from proceedings instituted to recover damages covered by the insurance policy.  We have now held that Maryland breached this duty and have rendered judgment in favor of GEI.  We have retained jurisdiction, however, for the limited purpose of deciding if GEI is entitled to recover attorney's fees that it incurred in obtaining this favorable judgment against Maryland for breach of contract, i.e., failure to provide a legal defense.

Chapter 38 of the Texas Civil Practice and Remedies Code first sets forth the general rule that litigants can recover reasonable attorney's fees incurred in a valid claim on, inter alia, a written

contract.[1]  It then lists five exceptions:

> This chapter does not apply to a contract issued by an insurer that is subject to the provision of:
>
> (1) Article 3.62, Insurance Code [this Article was repealed in 1991];
>
> (2) Section 1, Chapter 387, Acts of the 55th Legislature, Regular Session, 1957 (Article 3.62-1, Vernon's Texas Insurance Code) [this Article was repealed in 1991];
>
> (3) Chapter 9, Insurance Code;
>
> (4) Article 21.21, Insurance Code; or
>
> (5) the Unfair Claims Settlement Practices Act (Article 21.21-2, Insurance Code).[2]

In Dairyland Mutual Ins. Co. v. Childress, an insurance company was held liable for its policyholder's attorney's fees by a state appellate court because the policyholder had successfully pursued an action for breach of an insurance contract.[3]  On appeal to the Supreme Court of Texas, the insurance company argued that it was not liable for attorney's fees under the predecessor to Chapter 38 of the Texas Civil Practice and Remedies code because, as an insurance company, it was shielded from liability for attorney's fees by the predecessor to § 38.006.  The Texas Supreme Court held that:

> Dairyland is a county mutual insurance company and as such is not one of the insurors exempt from the provisions of Art. 2226 [the predecessor to Chapter 38 of the Civil Practice and Remedies Code].  See Tex. Ins. Code Ann. Art. 7.22.  Therefore, it is not exempt from a

---

[1]See Tex. Civ. Prac. & Rem. Code § 38.001(8).

[2]See id. § 38.006.

[3]See 636 S.W.2d 282, 284 (Tex. App. —— Eastland, 1982).

claim for attorney's fees pursuant to Art. 2226.[4]

Texas appellate courts and this court have disagreed as to the significance of this statement. We have interpreted the statement to imply that "an insurer who falls within the provisions of section 38.006 is exempt from the payment of attorney's fees and that only those insurers who do not qualify for the exemption are subject to the payment of attorney's fees."[5] By contrast, Texas appellate courts have held that no such implication was intended, and that, consistent with the decision of the court in Prudential Ins. Co. v. Burke,[6] the purpose of the exceptions now codified at § 38.006 is "to exclude only those claims against insurance companies where attorney's fees [are] already available by virtue of other specific statutes."[7]

## III. QUESTION CERTIFIED

In a policyholder's successful suit for breach of contract against an insurance company that is subject to one or more of the provisions listed in § 38.006, is the insurance company liable to

---

[4]See Dairyland County Mutual Ins. Co. v. Childress, 650 S.W.2d 770, 774 (Tex. 1983).

[5]Bituminous Cas. Corp. v. Vacuum Tanks, Inc., 975 F.2d 1130, 1133 (5th Cir. 1992); see also Lafarge Corp. v. Hartford Cas. Ins. Co., 61 F.3d 389, 402-03 (5th Cir. 1995).

[6]614 S.W.2d 847 (Tex. App. —— Texarkana), writ ref'd n.r.e., 621 S.W.2d 596 (1981).

[7]Id. at 850.

its policyholder for reasonable attorney's fees incurred in pursuing the breach-of-contract action, either under an Insurance Code provision listed in § 38.006, or under § 36.001 if application of one or more of those sections does not result in the award of attorney's fees?

## IV.  CONCLUSION

We disclaim any intention or desire that the Supreme Court of Texas confine its reply to the precise form or scope of the question certified.  The answer provided by the Supreme Court of Texas will determine the remaining issue in this case.