**IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT**

_____

No. 98-10904
_____

FEDERATED MUTUAL INSURANCE COMPANY,

                                              Plaintiff,

versus


GRAPEVINE EXCAVATION, INC., ET AL

                                              Defendants,

GRAPEVINE EXCAVATION, INC.,

                 Defendant-Third Party Plaintiff-Appellant,

versus


MARYLAND LLOYDS, a Lloyds Insurance Company,


                        Third Party Defendant-Appellee.
                 _____

Appeal from the United States District Court
for the Northern District of Texas
                 _____

February 2, 2001

Before JONES and WIENER, Circuit Judges, and WALTER, District
Judge.[*]

PER CURIAM:

     The district court rendered summary judgment in favor of Third

Party Defendant-Appellee Maryland Lloyds ("Maryland").  We held on

appeal that Maryland had breached its contract with Third Party

_____

     [*]District Judge of the Western District of Louisiana, sitting
by designation.

Plaintiff-Appellant Grapevine Excavation Inc. ("GEI"), reversed the district court's grant of summary judgment and rendered judgment in favor of GEI,[1] and remanded the case for the district court to determine the appropriate remedy. From that remand, however, we withheld the issue of GEI's entitlement to attorney's fees incurred in prosecuting this action, retaining jurisdiction for the limited purpose of making that determination, and in turn certifying that question to the Supreme Court of Texas. We asked:

> In a policyholder's successful suit for breach of contract against an insurance company that is subject to one or more of the provisions listed in § 38.006, is the insurance company liable to its policyholder for reasonable attorney's fees incurred in pursuing the breach-of-contract action, either under an Insurance Code provision listed in § 38.006, or under § 36.001 if application of one or more of those sections does not result in the award of attorney's fees?[2]

The Supreme Court of Texas answered in the affirmative:

> We hold that in a policyholder's successful suit for breach of contract against an insurer that is subject to the provisions listed in section 38.006, the insurer is liable for reasonable attorney's fees incurred in pursuing the breach-of-contract action under section 38.001 unless the insurer is liable for attorney's fees under another statutory scheme. Accordingly, we answer the certified question from the Fifth Circuit Court of Appeals yes.[3]

---

[1] 197 F.3d 720 (5th Cir. 1999).

[2] 197 F.3d 730, 732 (5th Cir. 1999).

[3] 2000 WL 890386 (Tex. Jul 06, 2000)(NO. 99-1227), rehearing overruled (Jan 18, 2001). To the extent that the Supreme Court of Texas's answer to our question in the instant case conflicts with our decisions in Lafarge Corp. v. Hartford Cas. Ins. Co., 61 F.3d 389, 402-03 (5th Cir. 1995) and Bituminous Cas. Corp. v. Cacuum Tanks, Inc., 975 F.2d 1130, 1133 (5th Cir. 1992), those cases are

2

GEI is therefore entitled to recover its reasonable attorney's fees.

As the district court originally ruled against GEI, that court has not had an opportunity to determine the quantum of attorney's fees and costs to which GEI is entitled.  We remand this additional issue with instructions for the district court to conduct such proceedings as it deems necessary and appropriate to ascertain the amount of GEI's reasonable attorney's fees and costs, and to enter judgment accordingly.  This panel retains limited jurisdiction to hear any appeal that might arise from the remand of this issue.

REMANDED on issue of attorney's fees and costs; LIMITED JURISDICTION RETAINED by this panel to hear future appeals, if any, regarding attorney's fees and costs.

---

no longer binding precedent of this Court.  See FDIC v. Abraham, 137 F.3d 264, 268-69 (5th Cir. 1998).