Doris F. BOX, and the Estate of Murff William Box, Deceased, Appellants,

v.

SOUTHERN FARM BUREAU LIFE INSURANCE COMPANY, Appellee.

No. 959.

Court of Civil Appeals of Texas, Corpus Christi.

Aug. 29, 1975.

Rehearing Denied Sept. 18, 1975.

Robert H. Kern, III, Rankin, Kern, Martinez & Jones, McAllen, for appellants.

Atlas, Hall, Schwarz, Mills, Gurwitz & Bland, McAllen, Adams, Graham, Lewis, Jenkins, Jones & Graham, Perry Jones, McAllen, for appellee.

## OPINION

YOUNG, Justice.

This appeal arises from a dispute over the proceeds of a life insurance policy upon the life of Murff William Box, deceased. Appellee, Southern Farm Bureau Life Insurance Company, issued the policy which is the subject of this action. Appellees Candice Box and Murff William Box, Jr., are the children of the marriage of Murff William Box, deceased, and Beatrice Box. Appellant Doris F. Box is the widow and was the second wife of the decedent, Murff William Box.

During the marriage of Murff William Box and Beatrice Box, Southern Farm issued policy # 50134 with a face value of $5,000.00 upon the life of the decedent.

On March 6, 1964, Murff William Box deceased and Beatrice Box entered into a "Proposed Property Settlement". In this document the parties agreed that the life insurance policy in question would be kept in full force and effect by Murff William Box; that the beneficiaries of said policy would be their children, Murff William Box, Jr. and Candice Box; and that the beneficiaries could not be changed ". . . except with the consent of both parties hereto. . . ."

These parents were divorced March 9, 1964. The property settlement agreement was approved by the court and made a part of the judgment of divorce.

Thereafter, on October 9, 1968, Mr. Box changed the beneficiary of the policy in question to be "Doris F. Bird, friend" whom he subsequently married. They were still married at the time of Mr. Box's death, July 7, 1973.

Southern Farm initiated this action by filing its "Bill of Interpleader". This bill named appellees Murff W. Box, Jr., Candice Box and appellant Doris F. Box defendants. There Southern Farm pleaded that the named defendants asserted conflicting claims to the proceeds of the insurance policy and prayed that the trial court adjudicate their rights. Appellees Murff W. Box, Jr. and Candice Box answered the bill and also filed a third party action naming the Estate of Murff William Box as third party defendant. The purpose of the action against the estate was recovery of $774.13. This amount had been deducted by Southern Farm from the proceeds of the policy in question in repayment of a loan to Mr. Box which loan was secured by the policy.

All parties waived trial by jury and submitted the cause to the trial court. The trial court decreed that appellees, Murff W. Box, Jr. and Candice Box recover the sum of $4,241.97, less $400.00 attorney's fees, from appellee, Southern Farm. Murff W. Box and Candice Box were also granted recovery of $774.13 against the Estate of Murff W. Box, deceased. It was further ordered that appellant Doris Box take nothing. It is from such judgment that appellants have perfected this appeal.

Appellants' brief contains five points of error. The first four points complain of the trial court's award of the net proceeds of the insurance policy to appellees, Murff Box, Jr. and Candice Box. Appellants' fifth point complains of the trial court's granting appellees Murff W. Box, Jr. and Candice Box judgment against the Estate of Murff W. Box, deceased, in the amount of $774.13.

These first four points will be discussed together. Appellants argue that the "property settlement agreement": (1) was voidable; (2) did not grant appellees' Murff W. Box, Jr. and Candice Box rights enforceable against appellee Southern Farm; (3) did not grant appellees Murff, Jr., and Candice rights enforceable against appellee Southern Farm which extended beyond their age of majority; and (4) did not grant appellees Murff W. Box, Jr., and Candice Box rights against appellee Southern Farm Bureau which were superior to the rights of appel-

lant Doris F. Box. We disagree with those contentions.

■ A general rule of law about insurance in this State is that where the insured reserves the right to change the beneficiary in the policy, the beneficiary therein obtains no vested interest in the proceeds of the policy prior to the death of the insured. The insured may change the beneficiary at will and thereby divest a prior beneficiary of all interest in the proceeds of the policy. *Volunteer State Life Ins. Co. v. Hardin,* 145 Tex. 245, 197 S.W.2d 105 (1946). This rule, however, does not prevail where the insured, for a valuable consideration, agrees to designate a certain beneficiary and not to change that beneficiary without the consent of the party with whom he (the insured) has contracted. As stated in *Locomotive Engineers' Mut. Life & Accident Ins. Ass'n v. Waterhouse,* 257 S.W.. 304 (Tex.Civ.App.—El Paso 1924, writ ref'd), ". . . the equity of the case requires that it be held that he was found to observe his contract. . . ." Also see *Leal v. Leal,* 401 S.W.2d 293 (Tex.Civ.App.—San Antonio 1966, no writ). This is true even where the insured has the right, under the terms of the insurance policy, to change the designated beneficiary. *Locomotive Engineers' Mut. Life & Accident Ins. Ass'n v. Waterhouse,* supra; *Leal v. Leal,* supra.

In the case before us, the decedent entered into a contract with Beatrice Box whereby he agreed to maintain the insurance policy in question. The decedent further agreed that the appellees Murff W. Box, Jr. and Candice Box would be the beneficiaries of the policy. It was expressly agreed that the beneficiaries could not be changed without the consent of Beatrice Box. This agreement made no limitations to the period of each child's minority.

■ We hold, therefore, that the property settlement agreement gave appellees Murff and Candice Box a vested equitable interest in the proceeds of the insurance policy upon their father's life. This vested equitable interest could not be divested without the consent of Beatrice Box.

Although we have been unable to find a case decided by the courts of this State which presents precisely the fact situation now under consideration, there are numerous cases from other jurisdictions in which courts have considered cases much like the one before us now. The courts in those cases have upheld recovery for beneficiaries like Murff, Jr., and Candice. See *Shoudy v. Shoudy,* 55 Cal.App. 344, 203 P. 433 (1921); *Campbell v. Prudential Insurance Company of America,* 137 N.E.2d 515 (Ohio Ct.App. 1955); *Goodrich v. Massachusetts Mutual Life Ins. Co.,* 34 Tenn.App. 516, 240 S.W.2d 263 (1951); *Prudential Insurance Company of America v. Gibson,* 421 S.W.2d 26 (Mo.Ct. App.1967).

The marriage to appellant, Doris Box, the named beneficiary of the policy in question, was a voluntary act by Murff W. Box. The record before us does not show any consideration which passed to the deceased in return for naming Doris Box beneficiary of the life insurance policy. Nor was the decedent compelled to name Doris Box beneficiary. Appellant Doris Box cannot, under the facts before us, be said to have any equities in her favor which are superior to those prior equities which have arisen in favor of the children of Mr. Box. On the contrary, the equities of the children are superior because of the agreement executed by their parents and approved by the court rendering the divorce decree. For these reasons, appellants' first four points of error are overruled.

By their fifth point of error, appellants complain that the trial court erred in awarding appellees Murff and Candice Box judgment in the amount of $774.13 against appellant Estate. We hold that the appellees Murff and Candice Box obtained vested interests in the insurance policy as of the date of the property settlement agreement. The face value of this policy is $5,000.00. It was clearly the intent of the parties to the settlement agreement that the $5,000.00 fund remain intact for the benefit of the

children of the marriage (appellees herein). The agreement by the decedent not to change the beneficiaries of the policy without the consent of Beatrice Box would be meaningless if the same purpose could be accomplished by borrowing money on the policy and thus depleting the proceeds payable upon the death of the insured.

The settlement agreement provides that if the policy in question is surrendered for its cash surrender value, one-half of the proceeds would be payable to Beatrice Box. Clearly that provision would be circumvented if the insured were permitted to borrow money against the cash surrender value of the policy. The rights of the appellees, Murff and Candice Box to the proceeds of the policy are derived from the property settlement agreement. Because Mr. Box appropriated a portion of the policy proceeds in which appellees Murff and Candice Box had a vested interest, appellant-Estate is liable for that portion. Appellants' fifth point of error is overruled.

The judgment of the trial court is affirmed.