Peggy **ALEXANDER**, Appellant,

v.

Ric A. **ALEXANDER** and Leota Alexander, as Guardian of the Estate of Cody F. Alexander, a Minor, Appellees.

No. 05–85–00344–CV.

Court of Appeals of Texas, Dallas.

Nov. 13, 1985.

Rehearing Denied Dec. 11, 1985.

James L. Schutza, Vernon, McKinley, Lybrand & Dubner, Dallas, for appellant.

Leota H. Alexander, Alexander & Mauzy, Dallas, for appellees.

Before SPARLING, GUILLOT and MALONEY, JJ.

GUILLOT, Justice.

This appeal arises from a dispute over the proceeds of a life insurance policy on the life of Vic L. Alexander, now deceased. By granting motion for summary judgment, the trial court ordered the proceeds of the policy paid to Ric and Cody Alexander, children of the deceased, rather than to Peggy Alexander, who was named as beneficiary of the policy and who was Vic's wife at the time of his death. In a single point of error, Peggy contends that the summary judgment was improper because the children had no interest in the policy and were not, therefore, entitled to its pro-

ceeds. We do not agree and, consequently, affirm the judgment of the trial court.

The relevant facts are not in dispute. On September 17, 1979, Vic purchased a policy of life insurance, numbered N3686190, with a face value of $100,000 from Aetna Life Insurance Company ("the original policy"). At the time of this purchase, Vic was married to Leota and they had two minor children, Ric and Cody. On May 8, 1980, Vic and Leota were divorced. Contemporaneous with the divorce, Vic and Leota entered into a settlement agreement which was incorporated into the divorce decree. The agreement provided:

> Husband agrees to name RIC ANTHONY ALEXANDER and CODY FLYNN ALEXANDER as beneficiaries of his policy # N3686190 with Aetna Life Insurance, and further agrees to retain said children as beneficiaries of this policy and to keep this policy *in full force and effect* until each child has reached the age of twenty-two (22) years, has married or has been otherwise emancipated. [Emphasis added].

> * * * * * *

> Each child designated above is a third party beneficiary of the covenants made in this Section for his or her benefit, and may, in the child's own name or by next friend or other representative, enforce the performance of those covenants.

At the time of the divorce, the original policy was in full force and effect and had a face value of $100,000. In June of 1981, Vic married Peggy. On October 12, 1981, Vic requested conversion of $50,000 of the $100,000 of the original policy to whole life insurance. On November 17, 1981, in accordance with Vic's request, Aetna issued policy # W–4001902 to Vic in the amount of $50,000 ("converted policy"). By reason of the conversion, the original policy remained in effect but was reduced from $100,000 to $50,000. Peggy was listed as beneficiary on the converted policy. Vic died on September 3, 1983. On that date, both children were still under the age of 22, had not married, and had not otherwise been emancipated, although Ric was over the age of

18. There is no dispute that the $50,000 in proceeds from the original policy should be paid to the children. Instead, the question is whether the provisions of the settlement agreement incorporated into the divorce decree apply to the $50,000 converted policy and, if so, whether the proceeds of that policy may be paid to Ric, who was no longer a minor at the time of Vic's death.

This dispute must be resolved within the framework of certain basic principles of contract and insurance law. Ordinarily, an insured has the right to change the beneficiary named in his policy and a beneficiary has no vested interest in the proceeds of the policy prior to the death of the insured. *Box v. Southern Farm Bureau Life Insurance Co.*, 526 S.W.2d 787, 789 (Tex.Civ.App.—Corpus Christi 1975, writ ref'd n.r.e.). This rule does not apply, however, where the insured agrees to designate a certain beneficiary and not to change that beneficiary without the consent of the party with whom the insured has contracted. *Id.* When an insured agrees to designate a certain beneficiary as part of a divorce property settlement agreement, which is incorporated into a judgment of divorce, it is binding on the parties and is interpreted under general contract law. *Deen v. Deen*, 631 S.W.2d 215, 217 (Tex.App.—Amarillo 1982, no writ). As with any other contract, the provisions of the agreement will not be modified or set aside, absent consent of the parties, except for fraud, accident, or mutual mistake of fact. *Id.* If, as here, there is no contention that the agreement is ambiguous, the meaning of the agreement is a question of law. *City of Pinehurst v. Spooner Addition Water Co.*, 432 S.W.2d 515, 518 (Tex.1968). Where the agreement is unambiguous, the court will give effect to the intention of the parties as expressed in the writing. *Id.*

Applying these principles to the facts of this case, we initially note that the parties' agreement was that the original policy be retained in *full force*. We hold that this language requires that the original policy be maintained at its then face-

value of $100,000. Vic agreed to designate his children as beneficiaries of a policy worth $100,000. That agreement cannot be thwarted by Vic's voluntary act of converting part of the policy to another policy with a different policy number and with a different beneficiary. *See Hudspeth v. Stoker*, 644 S.W.2d 92, 95–96 (Tex.App.—San Antonio 1982, no writ) ("It would be manifestly unfair if this change in carriers permitted Hudspeth to avoid his obligations and defeat the equitable rights of the children."); *Box*, 526 S.W.2d at 789–90 ("It was clearly the intent of the parties ... that the $5,000.00 fund remain intact for the benefit of the children.... The agreement by the decedent not to change the beneficiaries of the policy without the consent of Beatrice Box would be meaningless if the same purpose could be accomplished by borrowing money on the policy and thus depleting the proceeds payable upon the death of the insured."). If we were to give effect to such a conversion, every agreement incident to divorce regarding insurance proceeds could be avoided by merely converting the policy into two or more policies and leaving the original policy with just a minimum value. Such a holding would be tantamount to allowing an insured, who has by agreement surrendered his right to change beneficiaries, to change his beneficiary, a result which has been condemned by the courts of this state. *Gutierrez v. Madero*, 564 S.W.2d 185 (Tex.Civ.App.—Eastland 1978, writ ref'd n.r.e.); *Box*, 526 S.W.2d 787; *Locomotive Engineers' Mut. Life & Accident Ins. Ass'n v. Waterhouse*, 257 S.W. 304 (Tex.Civ.App.—El Paso 1924, writ ref'd).

Finally, we find Peggy's position that the proceeds of the converted policy should not be paid to Ric because he was not a minor at the time of his father's death unpersuasive. The settlement agreement only required that Ric be less than 22 years of age and never have married or been emancipated. Ric satisfied all of these prerequisites. Peggy confuses the notion of a trial court's power to require child support beyond the age of 18 and the right of the parties to separately agree for such support. The parties to a divorce action can, of course, by contract agree to rights and duties that the trial court cannot grant or require. For example, the parties may contractually agree to alimony, and such contract is enforceable, even though the trial court cannot award alimony to either party. *Francis v. Francis*, 412 S.W.2d 29, 33 (Tex.1967); *Firestone v. Firestone*, 567 S.W.2d 889, 892 (Tex.Civ. App.—Dallas 1978, no writ). Likewise, parties to a property settlement agreement which is incorporated into a judgment of divorce may provide for the retention of insurance policies for the benefit of a third party beyond the third party's age of majority. *O'Neill v. Connecticut Mutual Life Insurance Co.*, 544 S.W.2d 741, 744 (Tex.Civ.App.—Houston [1st Dist.] 1976, writ ref'd n.r.e.); *See Box*, 526 S.W.2d at 789–90.

For the reasons stated, we hold that the trial court did not err when it interpreted the agreement to mean that Vic could not reduce the value of policy N3686190 and that the children had an interest in and were entitled to the proceeds of the converted policy, # W–4001902, representing the remaining value of policy N3686190. Thus, we affirm the judgment of the trial court.