

# In the
# Court of Appeals
# Second Appellate District of Texas
# at Fort Worth

_____

No. 02-18-00031-CV

_____

BIRCHMAN BAPTIST CHURCH, Appellant

V.

SCARLETTE RAFFERTY ELLIOTT, INDIVIDUALLY AND AS THE PERSONAL REPRESENTATIVE OF THE ESTATE OF SEAN CHRISTIAN RAFFERTY, AND SEAN PAUL RAFFERTY, INDIVIDUALLY, Appellees

---

On Appeal from the 393rd District Court
Denton County, Texas
Trial Court No. 14-10277-393

---

Before Sudderth, C.J.; Gabriel and Pittman, JJ.
Memorandum Opinion by Justice Pittman

## MEMORANDUM OPINION

Appellant Birchman Baptist Church appeals from the district court's summary judgment awarding the proceeds of a life insurance policy and attorney's fees to Appellees Scarlette Rafferty Elliott, as the Personal Representative of the Estate of Sean Christian Rafferty; Scarlette Rafferty Elliott, Individually; and Sean Paul Rafferty, Individually (collectively, the Rafferty Children). On appeal, Birchman challenges whether the county court in which the case was originally filed had jurisdiction to issue summary judgment orders; whether the district court to which the case was transferred was bound by the county court's summary judgment orders; whether the district court erred by awarding the insurance proceeds to the Rafferty Children; whether its declaratory judgment action is an impermissible collateral attack; and whether the district court erred by awarding attorney's fees and litigation costs to the Rafferty Children. Because we hold that the district court erred by granting summary judgment for the Rafferty Children, we reverse.

## BACKGROUND

### I. Sean C. and Paula Divorce, and Sean C. Designates the Rafferty Children as Beneficiaries of His Life Insurance Policy.

The Rafferty Children's parents, Sean C. Rafferty and Paula Rafferty, divorced in 2010. In the divorce decree, Paula was ordered to pay Sean C. child support until the children were eighteen or graduated high school. In accordance with Texas Family Code Section 7.004, the divorce decree addressed the couple's rights in an

2

insurance policy insuring Sean C.'s life for $100,000.[1]  *See* Tex. Fam. Code Ann. § 7.004 (West 2006) ("In a decree of divorce or annulment, the court shall specifically divide or award the rights of each spouse in an insurance policy.").  The trial court awarded the policy, issued by Bankers Life and Casualty Company, to Sean C.  However, the divorce decree ordered him to make the Rafferty Children the policy's only beneficiaries.  The decree provision relating to the policy stated in its entirety,

> H-9.  The Bankers Life and Casualty Company life insurance policy number 7318193 subject to the [sic] on this policy.  IT IS ORDERED the [sic] Sean C. Rafferty make the two children, Scarlette R. Rafferty and Sean P. Rafferty; the only beneficiaries under this insurance policy within 30 days to the signing of this Decree.

Sean C. designated the Rafferty Children as beneficiaries in compliance with the divorce decree.

## II.	After Sean C.'s Suicide, Competing Claims Are Made to the Proceeds.

Three years later, on June 24, 2013, when Scarlette and Sean Paul were twenty and eighteen years old, respectively, Sean C. used Birchman's fax machine to send Bankers a change-of-beneficiary form designating Birchman as the policy's sole beneficiary.[2]  The next day, Sean C. emailed a suicide note to Birchman's pastor and,

---

[1]Sean C. applied for the insurance policy while married to Paula, and Paula was the original beneficiary on the policy.

[2]The Bankers life insurance policy provided that "[t]he owner may change the owner and the beneficiary at any time during the lifetime of the insured unless otherwise provided in a previous designation.  Any changes must be in written form satisfactory to the Company.  The change will take effect **on the date the request was signed**."  [Emphasis added.]  On the other hand, the Bankers form Sean C.

about twenty minutes later, committed suicide. The day after that, Bankers, not yet aware of Sean C.'s death, sent him a letter stating that the beneficiary change "ha[d] been completed" as of the date of its letter, June 26, 2013.

Bankers received claims on the policy from both Birchman and the Rafferty Children. Bankers notified Birchman that the proceeds were payable to the Rafferty Children because "[t]he Company shall not be liable for payment to any beneficiary unless and until that beneficiary designation has been received, approved[,] and processed by the Company," and "the [beneficiary] change was not in effect at the time of the insured's death." Birchman responded with a letter from its attorney arguing that the under the policy's terms, the beneficiary change was effective on the date that Sean C. signed the change-of-beneficiary form. Bankers notified the parties that they would need to negotiate their competing claims and that if they failed to do so, Bankers might file an interpleader action.

## III. The Rafferty Children Sue in County Court Over the Proceeds.

After Birchman and the Rafferty Children failed to settle, the Rafferty Children sued Birchman and Bankers in County Court at Law No. 2 of Denton County seeking a declaratory judgment that they were the proper beneficiaries. They asserted that under the divorce decree, Sean C. could not change the policy's beneficiaries.

opted to use to change the beneficiary designation provided that "[t]he requested change shall be effective **on a date after receipt** by the Company at its Administrative Office, provided this form is properly completed and in a form acceptable to the Company." [Emphasis added.]

4

Birchman filed a counterclaim seeking declarations that it was the policy's sole beneficiary and that it was entitled to the proceeds. It also sought attorney's fees. The County Court dismissed Bankers from the suit after it paid the policy's proceeds into the registry of the court.

The Rafferty Children filed an amended petition adding claims for fraud and tortious interference. Birchman filed a motion for partial summary judgment on the issue of whether Sean C. violated the divorce decree when he changed his beneficiary designation. It asserted that paragraph H-9 of the decree was child support and thus any obligation to keep the Rafferty Children as beneficiaries terminated once both children were emancipated. The Rafferty Children filed a motion for partial summary judgment on the grounds that the divorce decree vested them with an equitable interest in the proceeds and that Sean C.'s attempted beneficiary change was ineffective. The County Court denied the Rafferty Children's motion and, on May 21, 2014, granted Birchman's motion and declared that the divorce decree did not prevent Sean C. from changing the beneficiary after the children's emancipation.

Both sides then filed motions for summary judgment on the issue of whether Sean C. died before the beneficiary change took effect. Birchman further sought a declaration that it was entitled to the proceeds. On September 5, 2014, the County Court signed an order denying the Rafferty Children's motion, granting Birchman's motion in part, and declaring that Birchman was the sole beneficiary. The court also granted summary judgment for Birchman on the Rafferty Children's fraud and

tortious interference claims, but it later withdrew the order as to the fraud claim. The summary judgment order "reserve[d] rulings on the disposition of the Policy proceeds held in the Registry of the Court and on the award of attorney fees and costs."

**IV.  The Case Moves to District Court, and Scarlette, as Executor, Sues Birchman and Others in a Separate Suit.**

On December 23, 2014, the Rafferty Children filed a third amended petition adding claims for conversion and intentional infliction of emotional distress. In the petition, the Rafferty Children asked the County Court to transfer the case to a district court because the additional claims raised their pled-for damages to an amount outside the County Court's jurisdiction. Birchman then filed a plea to the jurisdiction challenging the County Court's jurisdiction over the Rafferty Children's claims but pointing out that the County Court retained jurisdiction over both their declaratory judgment claim and Birchman's declaratory judgment counterclaims.

On December 30, 2014, Scarlette, in her capacity as executor of Sean C.'s estate, filed suit in the 393rd District Court of Denton County against Birchman, Birchman's minister, and Birchman's financial officer. She asserted claims of undue influence, lack of mental capacity, and coercion, all related to the insurance policy.

Soon thereafter, the County Court signed an order granting Birchman's plea to the jurisdiction and dismissing without prejudice the Rafferty Children's claims. Then, on January 23, 2015, the County Court signed what it called a "Final Order," stating that it did not have jurisdiction to interpret the divorce decree and—despite its

6

previous partial summary judgment orders on the issue—that its rulings on the Rafferty Children's declaratory judgment claim considered only the insurance policy. The Final Order further stated, "this court will make no further rulings or findings in this matter, including, but not limited to, those involving attorney's fees," that its previous orders "remain[ed] in place to the full extent allowed by law," and that it "has made no findings or rulings as to attorney['s] fees or any other matters that were pending before the court." The order then dismissed the case without prejudice.

Birchman filed a motion asking the County Court to modify, correct, or reform its Final Order to make it a final judgment awarding Birchman the insurance proceeds and attorney's fees. The County Court did not rule on this motion.

The Rafferty Children appealed from the County Court's Final Order in appellate cause number 02-15-00035-CV. Meanwhile, they also filed a petition in the 431st District Court of Denton County to assert the claims that the County Court dismissed. There were now three separate cases: (1) the case in the County Court, from which the Rafferty Children had appealed; (2) a case in the 431st district court in which the Rafferty Children repled their dismissed claims; and (3) a case in the 393rd district court in which Scarlette was suing Birchman in her capacity as executor.

This court abated the appeal from the County Court's Final Order to permit that court to clarify whether it intended the order to be a final, appealable judgment. In response, we received a copy of the County Court's April 15, 2015 "Conditional

Order of Transfer" approving the transfer of the case from its court into the case pending in the 431st district court. It stated,

> [T]his court is concerned that both private and judicial resources are being wasted by portions of this case continuing in two separate Denton County Courts and that this court lacks the jurisdiction to resolve all the matters at issue. In other words, it will be impossible for this court to give closure to the parties in this dispute.

> Therefore, in the interest of justice and judicial economy, it is **CONDITIONALLY ORDERED** that this cause be transferred to the 431st Judicial District Court, pending the approval of the Presiding Judge of the 431st Judicial District.

This court consequently dismissed the Rafferty Children's appeal for want of jurisdiction. In our dismissal opinion, we stated the conditional transfer order "clarifies that [the County Court] did not intend its January 23, 2015 Final Order to be a final, appealable order."

The parties then filed a joint motion to transfer the case to the 393rd district court (referred to hereafter as the District Court). The County Court signed another order conditionally transferring the case pending in its court to the District Court, pending that court's approval. The District Court accepted the transfer on January 4, 2015. All of the litigation was now pending in the District Court.

## V. The District Court Sets Aside the County Court's Rulings.

In the District Court, the Rafferty Children filed an amended consolidated petition; a consolidated answer asserting affirmative defenses to Birchman's counterclaims; and a "Motion to Reconsider All Summary Judgment Orders

8

Previously Rendered by the County Court." In the amended consolidated petition, the Rafferty Children pled that Sean C.'s change of beneficiary was ineffective, but they did not assert a claim for declaratory relief on that basis. In their consolidated answer, the Rafferty Children asserted as an affirmative defense that Sean C. lacked the mental capacity to execute the change-of-beneficiary form and that Sean C. and Birchman breached the terms of the policy, thereby preventing the beneficiary change from taking effect. Both sides filed motions for summary judgment.

The District Court signed an "Order on Pending Motions" that: (1) granted the Rafferty Children's motion to reconsider the County Court's orders; (2) granted summary judgment for Birchman on the Rafferty Children's tort claims; (3) granted summary judgment for Birchman on Scarlette's claims as executor on the ground that the claims were barred by ecclesiastical immunity; and (4) granted summary judgment for the Rafferty Children on their declaratory judgment claim on the ground that the divorce decree prevented Sean C. from changing beneficiaries.

The District Court stated in the order that:

- the orders entered by the County Court were not binding on the District Court, and the County Court did not have jurisdiction to interpret the divorce decree, and thus any judgment issued by the County Court that would affect the proceeds' disposition under the divorce decree's terms was void;

- alternatively, that the County Court's orders were interlocutory, and therefore the District Court had authority to modify any previous orders;

9

- the language in the divorce decree paragraph H-9 was clear, unequivocal, and unambiguous, and it absolutely vested in the Rafferty Children the right to receive the life insurance proceeds;

- Birchman's challenge to the terms of the divorce decree was an impermissible collateral attack; and

- the proceeds of the life insurance policy were awarded to the Rafferty Children.

The District Court's subsequent Final Judgment awarded the Rafferty Children the insurance proceeds, attorney's fees of $68,332.50, and litigation expenses of $4,224.22. Birchman now appeals.

## DISCUSSION

### I. The County Court's Orders on the Declaratory Judgment Claims Were Not Binding on the District Court.

We begin with Birchman's third issue. In that issue, Birchman argues that the County Court's declaratory judgment orders were binding on the Rafferty Children and the District Court. It contends that the County Court's summary judgment orders "fully and finally dispose of the declaratory judgment issues that were tried by cross-motions for summary judgment" and that while the County Court did not render an order disbursing the proceeds or addressing attorney's fees, "that was a direct result of the [Rafferty Children]'s intentional acts to try to avoid those rulings." It asserts that "the issue is not whether the summary judgment orders of the [County Court] were binding on the [District Court]," but that the summary judgment orders, "although interlocutory when made, became binding upon" the Rafferty Children;

10

that a summary judgment can only be relitigated if a judge chooses to set it aside; that a plaintiff cannot avoid the effects of a summary judgment ruling by filing a nonsuit and bringing the same claims in another court; and that the District Court "was wrong to even consider or reconsider the declaratory judgment issues previously tried and determined by" the County Court.

Despite Birchman's argument to the contrary, the issue is in fact whether the District Court was bound by the County Court's orders, and we conclude that it was not. While Birchman is correct that "a party may not escape the effects of an unfavorable ruling on the merits by taking a nonsuit of its claims," *see Yazdchi v. Bank One, Tex., N.A.*, 177 S.W.3d 399, 408 (Tex. App.—Houston [1st Dist.] 2005, pet. denied), the Rafferty Children neither actually nor "effectively" nonsuited their claims on which the County Court ruled. Unlike with a nonsuit, the claims on which the County Court had already ruled remained with that court until it transferred them. As the El Paso Court of Appeals explained in *Garza v. Chavarria*, "a plaintiff may plead himself out of court by seeking a specific amount of damages that is outside of the jurisdictional limits of the court," but "[o]nce a trial court acquires jurisdiction, no later fact or event can defeat that jurisdiction," and "if an amended petition alleges a new cause of action for damages that exceed the court's jurisdictional limit, the trial court . . . retains jurisdiction over the original cause of action." 155 S.W.3d 252, 256 (Tex. App.—El Paso 2004, no pet.) (citations omitted). The County Court

retained jurisdiction over the claims that were properly brought into[3] and ruled upon by that court, even after the Rafferty Children filed their third amended petition. Thus, the County Court still had the power to set aside its summary judgment order, to render a final judgment on the claims over which it had jurisdiction, or to transfer the claims to another court. *See id.*; *see also Isbell v. Kenyon–Warner Dredging Co.*, 261 S.W. 762, 763, 768 (Tex. 1924); *Hawkins v. Anderson*, 672 S.W.2d 293, 296 (Tex. App.—Dallas 1984, no writ). That the County Court understood it still had jurisdiction over the earlier-pled and ruled-on claims is supported by its order transferring the case—it stated in that order that rather than allow the case to continue in two separate courts, it was transferring the case to avoid wasting resources.

Moreover, our holding in our opinion in cause number 02-15-00035-CV that the Final Order was not a final judgment is the law of the case. *See City of Houston v. Jackson*, 192 S.W.3d 764, 769 (Tex. 2006) (defining the "law of the case doctrine" as "that principle under which questions of law decided on appeal to a court of last resort will govern the case throughout its subsequent stages"). Having previously decided that the Final Order was not a final judgment, we decline to reconsider the issue. *See id.*

---

[3]Because of our disposition of Birchman's third issue, we do not address its first and second issues concerning the County Court's jurisdiction to rule on the declaratory judgment claims. *See* Tex. R. App. P. 47.1.

12

In its reply brief, Birchman argues that while the County Court's Final Order may not have been final, its summary judgment orders that preceded that order became final by operation of law. The summary judgment orders were interlocutory because they neither determined all issues as to all parties nor purported to do so. *See In re Elizondo*, 544 S.W.3d 824, 829 (Tex. 2018) (orig. proceeding) (holding that the trial court's order was a final judgment when it stated that it finally disposed of all parties and all claims and was appealable); *Lehmann v. Har-Con Corp.*, 39 S.W.3d 191, 195 (Tex. 2001) ("A judgment is final for purposes of appeal if it disposes of all pending parties and claims in the record."); *Starnes v. Holloway*, 779 S.W.2d 86, 93 (Tex. App.—Dallas 1989, writ denied).

Birchman is correct that a partial summary judgment is a decision on the merits and that issues decided by it can only be relitigated if the trial court sets it aside. *See Hyundai Motor v. Alvarado*, 892 S.W.2d 853, 855 (Tex. 1995). But, here, the District Court *did* set aside the prior summary judgment orders. *See Elder Const., Inc. v. City of Colleyville*, 839 S.W.2d 91, 92 (Tex. 1992) (holding trial court may reverse a prior interlocutory ruling but must afford the parties "a trial on the issues thereby reinjected into the case"); *Jabri v. Qaddura*, 108 S.W.3d 404, 412 (Tex. App.—Fort Worth 2003, no pet.) (stating that "[a] summary judgment that does not dispose of all parties and issues in the pending suit is interlocutory" and that "[i]t is proper for a trial court to reconsider and reverse its prior interlocutory ruling on a partial summary judgment"); *see also Starnes*, 779 S.W.2d at 93 (noting that "[g]enerally, only a final judgment can be

res judicata" and that "[a]pplication of collateral estoppel also requires that there be a final judgment"). Birchman has cited us no authority holding that a trial court has no jurisdiction to set aside prior rulings in a case that has been properly transferred to it. Because the County Court transferred the entire case to the District Court, including the claims that had been ruled on but for which there was no final judgment, all the claims in the case were before the District Court.

We overrule Birchman's third issue.

## II.    The Divorce Decree Did Not Prohibit a Change of Beneficiary.

Birchman argues under its fourth issue that the divorce decree did not prohibit Sean C. from changing the policy's beneficiary. We agree.

The Rafferty Children assert that paragraph H-9 was a division of property, while Birchman argues the provision was child support. Either way, Sean C. was not prohibited from changing beneficiaries when he did. Neither of the Rafferty Children were minors when Sean C. sent in the change-of-beneficiary form, and thus the divorce decree's child support provisions were no longer in force. *See* Tex. Fam. Code Ann. § 154.001 (West Supp. 2018). If paragraph H-9 was part of the division of property, *see id.* § 7.004 (requiring the trial court in a divorce to divide the parties' respective rights to insurance), then the paragraph's language did not require Sean C. to maintain his children as beneficiaries even while they were minors.

Both parties contend that the divorce decree and paragraph H-9 is clear and unambiguous, and we agree. Paragraph H-9 required Sean C. to, within thirty days of

the divorce decree, designate his children as the policy's only beneficiaries. But, no language in paragraph H-9 or elsewhere in the decree prohibited him from changing the beneficiary again, either immediately or, as here, years later. *See Wilde v. Murchie*, 949 S.W.2d 331, 332 (Tex. 1997) (requiring a court to effectuate a divorce decree in light of its literal language when the decree is unambiguous); *cf. Sturges v. Crowninshield*, 17 U.S. (4 Wheat.) 122, 202, 4 L. Ed. 529 (1819) ("It would be dangerous in the extreme, to infer from extrinsic circumstances, that a case for which the words of an instrument expressly provide, shall be exempted from its operation."). To interpret the divorce decree and paragraph H-9 otherwise would impermissibly require us to ignore its literal language or insert words into the decree. *See Shanks v. Treadway*, 110 S.W.3d 444, 449 (Tex. 2003) ("[W]e must enforce the decree as written in this case. . . . The original decree in this case is unambiguous, and the trial court had no authority to enter an order altering or modifying the original disposition of property."). The District Court's grant of summary judgment on that basis was therefore erroneous.

The cases the District Court relied on for its decision are distinguishable. In *Gutierrez v. Madero*, 564 S.W.2d 185, 186 (Tex. Civ. App.—Eastland 1978, writ ref'd n.r.e.), the divorce decree provided that the father had to keep existing insurance policies in place until the child turned eighteen. Here, the divorce decree contains no such language. In *Tomlinson v. Lackey*, the divorcing parents entered into a property settlement agreement in which the father agreed to retain his minor son as the

15

beneficiary, and based on the agreement the divorce decree stated, "it being agreed that said understanding and agreement is binding not only on Respondent but his heirs, executors[,] and assigns forever." 555 S.W.2d 810, 811, 813 (Tex. Civ. App.—El Paso 1977, no writ). While the son was still a minor, the father changed beneficiaries. *Id.* at 811. Here, the divorce decree did not provide that Sean C. had to retain the Rafferty Children as beneficiaries, while they were still minors or otherwise. And in *Box v. S. Farm Bureau Life Ins. Co.*, 526 S.W.2d 787, 789 (Tex. Civ. App.—Corpus Christi 1975, writ ref'd n.r.e.), the parties agreed that the father would designate his minor children as beneficiaries and would not change beneficiaries without the agreement of their mother. The divorce decree here had no such language, and there was no agreement between Sean C. and Paula to retain the Rafferty Children as beneficiaries.

We sustain Birchman's fourth issue. Because of this holding, we do not address Birchman's other arguments under this issue. *See* Tex. R. App. P. 47.1.

## III. <u>Birchman's Declaratory Judgment Action Was Not a Collateral Attack.</u>

In its fifth issue, Birchman contends that its counterclaims for declaratory judgment are not an impermissible collateral attack on the divorce decree. We agree. Because the divorce decree did not prohibit Sean C. from changing the policy's beneficiary, Birchman's counterclaims for declarations that it is the proper beneficiary and entitled to the proceeds do not challenge the divorce decree or attempt to avoid its effect. *See Ranger Ins. Co. v. Rogers*, 530 S.W.2d 162, 167 (Tex. Civ. App.—Austin

16

1975, writ ref'd n.r.e.) ("A collateral attack is an attempt to avoid the effect of a judgment in a proceeding brought for some other purpose."). Birchman's counterclaims are therefore not a collateral attack. We sustain Birchman's fifth issue.

## IV. The Award for Attorney's Fees and Litigation Expenses Must Also be Reversed.

In its seventh issue, Birchman argues that the District Court erred in awarding attorney's fees to the Rafferty Children under the Declaratory Judgment Act. In its eighth issue, Birchman argues that the District Court erred when it awarded "litigation expenses" to the Rafferty Children under the Declaratory Judgment Act. Because we reverse the District Court's summary judgment in favor of the Rafferty Children, we must likewise reverse its award of attorney's fees and litigation expenses. We sustain Birchman's seventh and eighth issues.

## CONCLUSION

Having sustained Birchman's fourth issue in part, and having sustained Birchman's fifth, seventh, and eighth issues, we reverse the trial court's summary judgment and remand this case for further proceedings consistent with this opinion.[4]

---

[4]Birchman requested that this court render a judgment that it is the beneficiary of the life insurance policy. However, to do that, this court would have to determine whether Sean C.'s change of beneficiary was effective before his death. In the County Court, Birchman sought summary judgment on that ground, and the Rafferty Children responded. The County Court granted Birchman's motion, and Birchman later filed a motion for summary judgment in the District Court asking that court to follow the County Court's previous order. The District Court denied Birchman's motion, and Birchman has raised no issues on appeal challenging the District Court's ruling as to this ground. Further, in its Order on Pending Motions, the District Court

17

                                        /s/ Mark T. Pittman
                                        Mark T. Pittman
                                        Justice

Delivered:  November 21, 2018

---

expressly declined to rule on the Rafferty Children's affirmative defense of Sean C.'s lack of mental capacity to execute the beneficiary change because that defense was "rendered moot" by the District Court's ruling that the divorce decree prohibited Sean C. from changing beneficiaries.  Because we reverse the District Court's grant of summary judgment, that issue is no longer moot.  In order words, Birchman has not established its entitlement to a judgment from this court that it is entitled to the life insurance proceeds.  *See* Tex. R. App. P. 43.2(c), (d) (providing that the court of appeals, when reversing, may render the judgment that the trial court should have rendered or remand the case for further proceedings).